339 So.2d 877 (1976)
Joseph G. VIDRINE, Plaintiff-Appellant,
v.
MISSOURI FARM ASSOCIATION, Defendant-Appellee.
No. 5655.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1976.
Rehearing Denied December 15, 1976.
Writ Refused February 11, 1977.
Caliste Beard, Jr., and Stanford B. Gauthier, II, Lafayette, for plaintiff-appellant.
*878 Voorhies & Labbe by Mark Bienvenu, Lafayette, for defendant-appellee.
Before HOOD, CULPEPPER and GUIDRY, JJ.
GUIDRY, Judge.
Plaintiff instituted this action against Missouri Farm Association to recover damages for personal injuries allegedly sustained as a result of a fall. The defendant is the liability insurer of the premises where the accident occurred. Nelson Vidrine, father of the plaintiff, is the owner of the insured premises. The trial court, after a hearing on the merits, dismissed the plaintiff's suit. Plaintiff appeals.
The record reflects that on or about July 27, 1974, plaintiff, while visiting his family in Scott, Louisiana, accompanied his father to their farm to see a new cow. Plaintiff, who was 26 years of age at the time of the accident, had been to the recently acquired farm on several occasions. On the farm at the time was an unfinished dwelling, a garage, and to the rear of these buildings was a barn where the cows were kept. The farm was located in Lafayette Parish, between Duson and Scott. Plaintiff and his father, who were the only witnesses testifying at the trial of this matter, stated that the night before their visit to the farm it had rained all night. Plaintiff testified that as they drove into the farm the next morning there were puddles of water on the ground and where there was no water it was muddy. Mr. Vidrine, proceeded at this time to pull his car into the garage where both he and plaintiff got out.
Leading from the garage to the barn was a walk constructed of heavy road planks which were simply laid on the ground. The boardwalk consisted of two (2) boards each approximately ten (10) inches wide, two (2) inches thick, and twenty (20) feet long. The two boards lay abreast of one another. Mr. Vidrine stated that the boards had no nails or holes in them.
Plaintiff, wearing dress shoes at the time, stepped onto the boardwalk leading to the barn. Mr. Vidrine, who was standing behind his son, testified that he knew the boards had been slipping but neglected to tell his son. The evidence adduced from the two witnesses, plaintiff and his father, revealed that after plaintiff took 2 or 3 steps one of the boards slipped on the wet ground causing him to fall and injure himself. Plaintiff stated that he had never walked on these boards before the accident. As a result of the accident plaintiff allegedly sustained an injury to his back.
In dismissing plaintiff's suit the trial court found that the landowner-insured was free from fault and that the accident and ensuing injuries were caused solely by negligence of the plaintiff. In reaching these conclusions the trial court determined that the plaintiff was an "invitee" of the landowner-insured and that the latter was under no duty to alter the premises to make them absolutely safe and could assume, under the circumstances, that plaintiff would conduct himself in a reasonably prudent manner and avoid apparent dangers.
In the instant matter the liability of the landowner, if any, must be predicated on the concept of fault under R.C.C. Articles 2315 and 2316. Before a determination of liability can be made we must first inquire as to whether any causal relationship exists between the harm to the plaintiff and the landowner's alleged negligent conduct. Thus if the plaintiff can show that he probably would not have suffered the injury complained of but for his father's conduct, he has carried his burden of proof relative to cause in fact.Stewart v. Gibson Products Company of Natchitoches Parish Louisiana, Inc., 300 So.2d 870 (La.App.3rd Cir. 1974); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (La.1972); Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976). There can be no question that the accident would not have occurred but for the laying of the boardwalk by the landowner.
Although, as aforesaid, it is established that the landowner's conduct in laying the boardwalk was a cause in fact of plaintiff's injury, this alone does not establish the former's responsibility in damages *879 for such injury. Rather, in addition, before plaintiff can be permitted to recover for such conduct, it must be established that the conduct complained of constituted a breach of a legal duty imposed to protect against the particular risk involved. As set forth in the recent case of Shelton v. Aetna Casualty & Surety Company, supra:
"A finding that defendant's conduct was the cause in fact of plaintiff's injury, however, does not establish liability. In addition, we are required to ascertain whether the landowner breached a legal duty imposed to protect against the particular risk involved. Smolinski v. Taulli, 276 So.2d 286 (La.1973); Hill v. Lundin & Associates, Inc., supra; Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1971); Page v. Green, 306 So.2d 847 (La. App.2d Cir. 1975). In making this determination, the following inquiries must be made: (1) What, if any, duty was owed by the landowner to the plaintiff? (2) Was there a breach of this duty? (3) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? Jones v. Robbins, [La., 289 So.2d 104] supra; Hill v. Lundin & Associates, Inc., supra; Thomas v. Hanover Insurance Co., 321 So.2d 30 (La.App.3rd Cir. 1975)."
In reviewing the trial judge's reasons for judgment we note that he defined, for the purpose of determining liability under R.C.C. Articles 2315 and 2316, the duties of the landowner in terms of the status of the person entering the land, i.e., invitee. As stated by our Supreme Court in Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.Sup.Ct., 1976) this approach, which utilizes the common law classifications of invitee-licensee-trespasser is of little help, as the proper test to be applied in determining a landowner's liability under R.C.C. Articles 2315 and 2316 is as follows:
"`whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as trespasser, licensee, or invitee may in the light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative.'"
Thus in determining the duty owed by the landowner to the plaintiff it is not necessary to classify plaintiff as an invitee, but rather it is appropriate to ascertain this duty by examining the particular facts before us. Shelton v. Aetna Casualty & Surety Company, supra. Under the facts, as fully reviewed above, we conclude that the landowner owed plaintiff a duty to discover any unreasonably dangerous conditions on the premises and to either correct the condition or warn him of their existence. Shelton v. Aetna Casualty & Surety Company, supra; Natal v. Phoenix Assurance Co., 305 So.2d 438 (La.Sup.Ct., 1974); Foggin v. General Guaranty Insurance Co., 250 La. 347, 195 So.2d 636 (1967).
We determine that this duty was not breached. There was no showing that this boardwalk was unreasonably dangerous, therefore, the landowner did not incur a duty of prior discovery, correction and/or warning. In addition, it is well settled that a landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner. Shelton v. Aetna Casualty & Surety Company, supra; Alexander v. General Accident Fire and Life Assurance Corp., 98 So.2d 730 (La.App.1st Cir. 1957); writ denied Feb. 10, 1958. This rule is clearly applicable in the instant matter when considering that plaintiff had visited the farm on several previous occasions; was familiar with the muddy conditions; observed the construction and position of the boardwalk; and yet proceeded on. We thus determine, as did the trial court, that there was no breach of duty on the part of the landowner and that plaintiff's own negligence was the sole cause of the accident.
Plaintiff next contends that the trial court committed error in not finding liability on the part of the landowner under R.C.C. Article 2317. The cited article formed the basis for the recent Supreme *880 Court holding that damage caused by a defect in a "thing" in the custody of a person imposes strict liability upon that person for the damages caused although the custodian be not personally negligent. Loescher v. Parr, 324 So.2d 441 (La.1976). In the cited case a large magnolia tree fell on the plaintiff's automobile. The tree was ninety percent rotted out and hollow. The owner of the tree was unaware of the tree's defective condition. In imposing strict liability on the landowner for the damages caused by the fall of the defective tree the court stated as follows:
"The owner-guardian of the defective tree is therefore liable for his legal fault in maintaining the defective tree and in preventing its vice from causing injury, unless he proves that the damage was caused by the fault of the victim, by the fault of a third person, or by an irresistible force."
The Loescher case is inapposite from a factual standpoint and the holding of that case is therefore inapplicable. In the instant case although plaintiff's injury was caused by a "thing" in the custody of the landowner-insured, the "thing" was without defect. In addition, as found by the trial court with which finding we agree, the damage occasioned was caused by the fault of the plaintiff.
Plaintiff finally asserts that the trial court erred in not applying R.C.C. Article 2323 which he contends sets forth a doctrine of comparative negligence. We can find no Louisiana jurisprudence which sanctions such a concept. This notwithstanding, it is obvious that the doctrine of comparative negligence has no applicability in the case at bar. The doctrine of comparative negligence is necessarily based on the theory that both litigants were found to be at fault. Such is not the situation here where we have determined that defendant is free from fault and that plaintiff's negligence was the sole cause of the accident.
For the foregoing reasons the judgment appealed from is affirmed. All costs to be borne by the plaintiff-appellant.
AFFIRMED.