360 So.2d 634 (1978)
Elsie W. POE, Gayle Wallace and Lanell Jones, Plaintiffs-Appellees,
v.
STATE FARM GENERAL INSURANCE CO., Defendant-Appellant.
No. 6520.
Court of Appeal of Louisiana, Third Circuit.
June 23, 1978.
*635 Gist, Methvin & Trimble, DeWitt T. Methvin, Jr., Alexandria, for defendant-appellant.
Gravel, Roy & Burnes, Chris J. Roy, Alexandria, for plaintiff-appellee.
Before CULPEPPER, FORET and CUTRER, JJ.
FORET, Judge.
This suit was instituted by the widow and two major daughters of Claude E. Poe, seeking damages for his wrongful death. The defendant is State Farm General Insurance Company, the homeowner liability insurer of Herbert J. Wallace, whose mobile home slipped off its concrete block supports and crushed Mr. Poe. The Ninth Judicial District Court rendered judgment for the plaintiffs to the limits of the insurance policy as stipulated by the parties. The judgment of the trial court was based upon Louisiana Civil Code Article 2317 as interpreted in Loescher v. Parr, 324 So.2d 441 (La.1975). The defendant perfected this suspensive appeal from that judgment.
At the time of the accident, the decedent was assisting his son-in-law, the insured, in jacking up the mobile home in an effort to level the home. The two men were operating jacks from beneath the home. The insured had gone to check the effect of the adjustment on the level of the home when the trailer slipped at one end and killed the decedent.
The appellant first claims the trial court manifestly erred in applying the strict liability of Louisiana Civil Code Article 2317 as interpreted in Loescher v. Parr, supra. We do not reach this issue, however, because we feel the case may be decided on the basis of general negligence under Louisiana Civil Code Article 2315.
The first element in our analysis is whether the conduct complained of bears a causal connection to the accident. The conduct in question in the instant case is the insured's failure to discover improper blocking of the mobile home and to either correct the condition or warn others. The record sufficiently reflects that had the mobile home been properly blocked and supported, the accident would not have occurred. Thus, the evidence indicates that the failure to discover and correct or warn of the improper *636 blocking was the substantial factor in the accident. Implicit in the trial court's holding was the finding of a causal relationship. We see no manifest error in this finding.
The next point of our analysis is a determination of whether a duty was owed by the insured homeowner to protect against the risks involved in the instant case. Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976). A review of the record leads us to the conclusion that the insured homeowner owed the decedent a duty to discover any unreasonably dangerous conditions in the foundation, and to either correct the condition or warn him of its existence. Shelton, supra; Vidrine v. Missouri Farm Ass'n, 339 So.2d 877 (La. App. 3 Cir. 1976), writ refused.
Our courts have never given a precise definition of what constitutes an unreasonably dangerous condition (perhaps none can be given). A brief review of the jurisprudence, however, makes the standard more lucid. In Greene v. Catalytic, Inc., 341 So.2d 1172 (La.App. 1 Cir. 1976), writ refused, the court held that there was no unreasonable danger created by a completely visible air hose on a workshop floor. In Vidrine, supra, we held that the use of boards upon the ground as a temporary walk was not unreasonably dangerous. The Court, in Loescher, supra, although interpreting La. Civil Code Article 2317, held that an internally rotten tree presented an unreasonable danger. The danger was not observable because the tree had a normal appearance. Shelton, supra, upon which we based our opinion in Vidrine, involved a condition caused by the residue of a paint remover which was upon the ground. The Court held it created only a reasonable danger, inasmuch as the substance should have been observed by the victim. Clearly, the degree to which the danger may be observed by a potential victim, and thus provide self-protection, is one factor in the determination of whether the condition created an unreasonable danger.
Additionally, we believe that the magnitude of the risk of danger created by the condition is to be considered in determining whether the danger is unreasonable.
We conclude the danger presented by the condition in the instant case was unreasonable. The evidence is sufficient to conclude that the danger was not so apparent to the average person to enable him to protect himself. Furthermore, the magnitude of the risk clearly was unreasonable. Proper construction of the foundation would, it seems, be no more expensive or difficult than the method used in the instant case. The condition existed under a home in which several persons lived. Under the home several items were stored and children wandered. The mobile home required occasional leveling adjustments because of the contour of the land. Clearly the magnitude of the risk presented by the dangerous condition was unreasonable. We hold that the insured breached his duty to discover the unreasonably dangerous condition in the foundation and to either correct or warn the decedent of its existence.
Having concluded that the insured breached his duty, we now consider whether the insurer has an affirmative defense based upon the fault of the decedent. The determination of whether a plaintiff has assumed a risk is made by a subjective inquiry, whereas contributory negligence is determined objectively under the reasonable man standard. Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971).
The plaintiff's expert testified that when a trailer is properly blocked, it is not unusual to adjust a mobile home while beneath it. The insured's family had lived there for about 18 months. Furthermore, the insured had conducted the same maneuver before, without incident. Under the circumstances, we conclude that a reasonable person would not have observed or appreciated the dangerous condition of the foundation. McInnis v. Fireman's Fund Insurance Co., 322 So.2d 155 (La.1975).
Assumption of the risk, under a subjective test, involves the victim's actual appreciation *637 or knowledge of the risks inherent in the act or situation which leads to injury and the voluntary subjection of oneself to the risk. A person who places himself in the position of the decedent beneath a mobile home assumes only such risks as are ordinarily incidental thereto. He does not assume the risk of negligence on the part of the homeowner. We note the analogy of the instant situation to that presented in Brantley v. Brown, 277 So.2d 141 (La. 1973). There is no evidence to indicate that the decedent embraced a known danger with that consent required by law to bar the recovery of the plaintiffs.
Accordingly, we hold that the results reached by the trial court are correct. We base our decision, however, on the application of La.C.C. Article 2315 rather than Article 2317 as interpreted by Loescher.
Costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.
CULPEPPER, J., dissents and assigns written reasons.
CULPEPPER, Judge, dissenting.
I cannot reconcile the holdings by the majority that the insured was negligent in not knowing the dangerous condition, but the decedent was not. Both were thoroughly familiar with the manner in which the sixteen piers of concrete blocks supported the mobile home. As the majority states in its opinion, the insured and the decedent were working together in jacking up the home at the time of the accident. If the danger was apparent to the insured, it was equally apparent to the decedent. Thus, the decedent was contributorily negligent.
The majority has chosen not to base its decision, as did the district judge, on LSA-C.C. Article 2317 and Loescher v. Parr, 324 So.2d 441 (La.1975). In my view, the Loescher case, in which our Supreme Court, by a three to three decision, with an assigned justice concurring, sets forth a version of a strict liability rule, is distinguished from the present matter on the facts. In Loescher, the defendant's magnolia tree, which was rotten on the inside but outwardly appeared to be without defect, fell on the plaintiff's automobile. Nothing was being done by either the defendant or the plaintiff to cause the tree to fall. In the present case, even assuming that there was a defect in the manner in which these concrete block piers were laid, the immediate cause of the mobile home falling was the action by the insured and the decedent in jacking it up to level it. The mobile home had been safely resting on these piers for about 18 months. It would not have fallen on this occasion, had it not been for the actions of the two men.
For the reasons assigned, I respectfully dissent. Plaintiffs' suit should be dismissed.