377 So.2d 551 (1979)
Terald LEWIS, Plaintiff-Appellant,
v.
Carlo P. LISTI et al., Defendants-Appellees.
No. 7212.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
*552 White & Pitre, Marion Overton White, Opelousas, for plaintiff-appellant.
Domengeaux & Wright, Richard C. Broussard, Mouton & Jeansonne, David S. Cook, Charles R. Keller, Lafayette, for defendants-appellees.
Before CUTRER, STOKER and DOUCET, JJ.
CUTRER, Judge.
Plaintiff, Terald Lewis, brought a tort action to recover for injuries sustained by him while awaiting trial in the Lafayette Parish Jail. Named as defendants in this suit were Carlo Listi, Sheriff for the Parish of Lafayette; William Robichaux, Warden of the Parish Jail; North River Insurance Company and International Surplus Lines, the insurers of Listi and Robichaux; and, the Lafayette Parish Police Jury and its insurer, Maryland Casualty Company. At trial, upon conclusion of plaintiff's evidence, the defendants moved for a directed verdict. The trial judge granted the motion and dismissed plaintiff's suit. Plaintiff appeals.
On the afternoon of January 20, 1975, while plaintiff was incarcerated in the Lafayette Parish Jail, he and several other inmates were playing a game of cards. A fellow inmate, Robert Celestine, was observing the card game and revealing the cards held by plaintiff to the other players. Plaintiff testified that he requested Celestine to cease such activity. Accordingly to the plaintiff, Celestine then, without provocation, stabbed him with a small knife. The stabbing inflicted injuries upon plaintiff from which he alleges he has never fully recovered. The present action arises out of the stabbing incident.
On appeal, plaintiff states two grounds upon which he contends the trial court erred in granting the directed verdict in favor of defendants: (1) Plaintiff argues that the trial court erred in not finding the defendants strictly liable for the damage occasioned by the acts of one of its inmates, Celestine; and (2) in the alternative, plaintiff assigns as error the trial judge's finding that the defendants were free of negligence.
*553 The trial judge, in his written reasons for judgment, concluded that strict liability did not exist under the circumstances of this case and that defendants were not negligent.
STRICT LIABILITY
Plaintiff cites no jurisprudence in support of his proposition that prison officials and the governmental body in charge of the prison should be held strictly liable for the damage occasioned by their inmates. A review of the jurisprudence reveals no authority supporting such a proposition. In fact, the contention that prison officials or penal institutes should be strictly liable for damages occasioned to one inmate by another inmate was repudiated in Parker v. State, 282 So.2d 483 (La.1973), wherein the court stated: "A penal institute is not an insurer of an inmate against attacks by other inmates." Imposing strict liability on a penal institute for the damage occasioned to one inmate by another inmate would have the effect of making the penal institute an insurer of an inmate against attacks by other inmates.
The plaintiff's contention that strict liability should be imposed upon the defendants is without merit.
NEGLIGENCE
In the alternative, plaintiff asserts that the defendants' negligence caused the plaintiff to suffer the injuries which he sustained on January 20, 1975.
The general rule on the duty owed by penal institutions to provide for its inmates' safety was set forth in Parker v. State, supra:
"... A penal institution is not an insurer of an inmate against attacks by other inmates. The standard is that of reasonable or ordinary care. The majority rule is that in order to hold the penal authorities liable for an injury inflicted upon an inmate by another inmate, the authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm." 282 So.2d 483 at 486.
See also, Breaux v. State, 326 So.2d 481 (La.1976), and Davis v. State, Through Department of Corrections, 356 So.2d 452 (La. App. 1st Cir. 1977).
In order for plaintiff to recover from defendants, plaintiff must satisfy a two part test. First, plaintiff must show that the authorities knew or had reason to anticipate that Celestine was going to harm another inmate and secondly, that the authorities failed to use reasonable care in preventing such harm.
Plaintiff testified that he and Celestine were friends before the stabbing incident and that he had never informed any of the jail officials of any fear which he had of Celestine. Plaintiff offered no evidence which tended to prove that the jail officials knew or had reason to anticipate that Celestine might harm plaintiff. Plaintiff has failed to prove that defendants breached the duty of care which they owed to plaintiff. The record does not reveal that the defendants were negligent in any manner.
Plaintiff alleges that the doctrine of res ipsa loquitur is applicable in this case to raise a presumption of negligence on the part of defendants.
The essential elements of the doctrine are:
(1) The accident which damaged plaintiff was caused by an agency or instrumentality within the actual or constructive control of defendant;
(2) The accident is a kind which ordinarily does not occur in the absence of negligence;
(3) The evidence as to the true explanations of the accident is more readily accessible to defendant than to plaintiff. Haymark and Sons, Inc. v. Prendergast, 268 So.2d 110 (La.App. 3rd Cir. 1972).
All three requirements must be met before the res ipsa loquitur is applicable. The record reveals that the doctrine is not applicable to this case.
This incident was not caused by an instrumentality within the control of the defendants. The incident of stabbing was *554 caused by an inmate. It would be stretching the concept of instrumentality beyond its ordinary meaning to characterize an inmate as an instrumentality. Also, the plaintiff is not entitled to the use of the doctrine of res ipsa since evidence as to the explanation of the incident was as accessible to the plaintiff, if not more so, as it was to the defendants.
Accordingly, this court finds the trial judge's refusal to apply strict liability and his conclusion that the defendants were not negligent is amply supported by the record and is not clearly wrong.
For the foregoing reasons, the judgment of the trial court is affirmed and all costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.