386 So.2d 700 (1980)
Mrs. Edna BOUTTE, Plaintiff-Appellant,
v.
PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY, State Farm Mutual Automobile Insurance Company, and American Motors Insurance Company.
No. 7703.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
Rehearing Denied August 22, 1980.
Voorhies & Labbeé by Robert A. Lecky and D. Mark Bienvenu, Lafayette, for plaintiff-appellant.
Champagne, Colomb & Brumbaugh, Patrick L. Colomb, McBride & Brewster, Norman P. Foret, Davidson, Meaux, Sonnier & Roy, James J. Davidson III, Lafayette, for defendant-appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
*701 DOUCET, Judge.
Mrs. Edna Boutte brought this suit to recover damages for personal injuries that she sustained in a fall at the home of her daughter and son-in-law, Mr. and Mrs. William J. Gardiner. Defendants are Pennsylvania Millers Mutual Insurance Company, the Gardiners' homeowners insurer, and State Farm Mutual Automobile Insurance Company, the Gardiners' automobile liability insurer. After a trial on the merits, the trial judge found that plaintiff was contributorily negligent and rendered judgment in favor of defendants. Plaintiff appeals.
The relevant facts were succinctly set forth in the trial judge's written reasons for judgment as follows:
"On Saturday, November 6, 1976, plaintiff and her daughter, Marjorie Gardiner, went grocery shopping using the Gardiners' 1974 Buick Regal. They returned to the Gardiners' residence at 310 Kim Drive in Lafayette, Louisiana, to visit together. Mrs. Gardiner parked the automobile next to her home in the two-car carport. She and plaintiff got out of the car and went into the home. Plaintiff placed her perishable groceries in the refrigerator and then she and Mrs. Gardiner visited with each other for a time.
"After their visit, plaintiff retrieved her groceries, positioned a medium size bag of groceries in one arm, and carried her purse in the other hand. She walked out of the kitchen door onto the adjoining carport and walked around the front of the car to the passenger side. It was at this point that she slipped in an oil spot on the carport, falling hard on her right side. As a result of the fall, plaintiff sustained severe injuries to her right hip and was hospitalized for a period of time.
"Mr. & Mrs. Gardiner testified that the 1974 Buick Regal was always parked next to their house on the carport and that their 1968 Buick Skylark was always parked next to the Regal in the outer lane of the carport. They testified that oil from the Skylark leaked onto the carport at times. Mrs. Gardiner would occasionally put cat litter on the oil spots to clean them up. The Gardiners further testified that every Thursday their housekeeper would hose down or otherwise attempt to remove the oil from the carport. The oil upon which plaintiff slipped was located on that portion of the carport where the Skylark was regularly parked and it is this oil upon which plaintiff apparently slipped. The Skylark was being used by Mr. Gardiner at the time of the accident.
"Plaintiff lived at 400 Kim Drive, which was about one block away from the Gardiners' home. She testified that she visited at her daughter's home several times a week. When plaintiff got out of the Regal on the day of the accident she walked right by where the Skylark was usually parked and then went into the Gardiners' home.
"Plaintiff testified that she had not seen the oil spot prior to her fall. She also testified that she did not look down at the carport as she was walking toward the Regal after her visit and immediately prior to the fall. Plaintiff, now 79 years old, stated that her vision was good at that time. The accident occurred on a clear day.
"Mrs. Gardiner testified that the oil spot was approximately six (6) inches in diameter and that the oil was black. She further stated that the spot could be seen on the concrete carport. She had not told plaintiff that there was an oil spot on the carport."
The duty owed by a landowner to a guest like plaintiff was set out in the following language from the opinion of this Court in Vidrine v. Missouri Farm Association, 339 So.2d 877 (La.App. 3rd Cir. 1976), writ denied 342 So.2d 216 (La.1977):
"... [T]he landowner owed plaintiff a duty to discover any unreasonably dangerous conditions on the premises and to either correct the condition or warn him of their existence. Shelton v. Aetna Casualty & Surety Company, supra [334 So.2d 406 (La.1976)]; Natal v. Phoenix Assurance Co., 305 So.2d 438 (La.Sup.Ct. 1974); Foggin v. General Guaranty Insurance *702 Co., 250 La. 347, 195 So.2d 636 (1967).
* * * * * *
In addition, it is well settled that a landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner. Shelton v. Aetna Casualty & Surety Company, supra; Alexander v. General Accident Fire and Life Assurance Corp., 98 So.2d 730 (La.App. 1st Cir. 1957); writ denied Feb. 10, 1958."
339 So.2d at page 879. In Vidrine, the plaintiff brought his suit to recover damages for personal injuries he sustained when he slipped and fell on a muddy boardwalk on his father's farm. This court concluded that in view of the facts that the plaintiff had visited the farm on several prior occasions, he was familiar with the muddy conditions and had observed the construction and position of the board walk, and yet he had proceeded on, his own negligence was the sole cause of the accident.
In Alexander v. General Accident Fire & Life Assurance Corp., which was cited in the above excerpt from the Vidrine case, our brethren of the First Circuit held that the 76 year old plaintiff, who had fallen because of an unsecured rug in her son-in-law's home, was contributorily negligent. The court concluded that because she was a frequent visitor in the home and was thoroughly familiar with the condition and position and potential danger of the loose carpet, her own carelessness or forgetfulness had proximately contributed to her injuries.
Applying the sound reasoning of those decisions to the case at hand, we conclude that the trial judge correctly found that plaintiff is barred from recovering by her contributory negligence. Plaintiff testified that although she had not actually seen oil on the carport during her frequent visits, she was aware of the fact that there were oil spots on the carport at times and that the Gardiners' housekeeper removed them. Nevertheless, she never looked down as she was walking. If she had done so, she could have observed the danger and avoided it.
Guillotte v. Houston General Insurance Company, 368 So.2d 1026 (La.1979), which is relied on by plaintiff, is inapposite. The issue in that case was whether the plaintiff had assumed the risk, not whether she was contributorily negligent. Whether or not a plaintiff has assumed the risk is determined by making a subjective inquiry, while contributory negligence is determined objectively under the reasonable man standard. Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971); Poe v. State Farm General Insurance Co., 360 So.2d 634 (La.App. 3rd Cir. 1978).
Having found that plaintiff is not entitled to recover, we do not reach the coverage issues raised by the defendant-insurers.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the plaintiff-appellant.
AFFIRMED.