395 So.2d 407 (1981)
Charles NEATHERY, Plaintiff-Appellant,
v.
STATE of Louisiana, THROUGH its DEPARTMENT OF CORRECTIONS et al., Defendants-Appellees.
No. 7813.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
Rehearing Denied March 23, 1981.
*408 Allan L. Placke, West Monroe, for plaintiff-appellant.
Carmack Blackmon, Baton Rouge, for defendants-appellees.
Before FORET, SWIFT and DOUCET, JJ.
FORET, Judge.
This is a tort action. Charles Neathery (Plaintiff) is seeking to recover damages for personal injury. The defendants are Albert Pratoff; the State of Louisiana, through the Department of Corrections (the Department); and the Louisiana National Guard (the Guard). The trial court entered a default judgment against Albert Pratoff and dismissed, with prejudice, plaintiff's action against the Department and the Guard. Plaintiff appeals from the judgment of dismissal.
The sole issue is whether the conduct of the Department and the Guard constitutes actionable negligence for which they should be held liable to the plaintiff.

FACTS
Plaintiff and Albert Pratoff were inmates at Camp Beauregard, a minimum security prison in Rapides Parish, Louisiana. These two inmates performed jobs for the Guard as part of a work release program. They were under the supervision of the Guard from 7:30 A.M. to 4:00 P.M., and the remainder of their time was spent under the supervision of the Department.
The work release program was conducted with certain carefully screened prisoners in the custody of the Department. The Department selected only those prisoners who qualified under the rigid criteria set forth by its regulation # 30-14. The criteria excluded from the program inmates whose records revealed compulsive or habitual use of violence against the person, habitual felony offenders, and those with bad work habits or a history of lack of cooperation with penal authorities.
These criteria were designed to select inmates who could reliably function in a minimum security facility. The goals of the program were the rehabilitation and return of inmates into the mainstream of society, and they were allowed a greater degree of freedom than prisoners in the more restrictive medium or maximum security institutions. It is important to note that the facility where plaintiff was incarcerated at the time of this incident was a minimum security facility. Prisoner participants were not closely supervised during their work day and those who had successfully *409 completed a probationary period were allowed to leave the facility on weekend passes. The primary purpose of this minimum supervision was to allow prisoners to function in an environment similar to the outside world.
Plaintiff and Pratoff were assigned to a grass-cutting crew under the supervision of Sergeant James H. Odom of the Guard on June 16, 1977. They became involved in an argument, and plaintiff knocked Pratoff to the ground. Plaintiff turned and began walking away when Pratoff picked up a "swing" blade and attacked. Plaintiff turned to defend himself, and Pratoff cut him across the right arm, breaking it. Plaintiff was taken by other members of the crew to the work release center and then to the Charity Hospital in Alexandria, Louisiana.
Plaintiff instituted this action against Pratoff and the Department on March 17, 1978. He then filed a supplemental and amended petition on June 13, 1978, in which he named the State of Louisiana, through its military department, the Louisiana National Guard, as an additional defendant. The action was tried on September 14, 1979, at which time a default was entered as to Pratoff. The trial court rendered judgment on November 2, 1979, in favor of plaintiff and against Pratoff in the amount of $8,030.00, and dismissed, with prejudice, plaintiff's action against the Louisiana Department of Corrections and the Louisiana National Guard. Plaintiff was granted an appeal from that portion of the judgment dismissing his action against these two defendants.

ALLEGED NEGLIGENCE OF THE DEPARTMENT AND THE GUARD
Plaintiff alleges that these defendants (the Department and the Guard) were negligent in that they failed to provide constant supervision over the inmates in the work release program. He argues that the inmates were issued tools, i. e., grass-cutting devices, which could be used as deadly weapons. Further, plaintiff argues that the Guard had notice of the trouble he was having with Pratoff and, yet, failed to take any steps to prevent the incident which finally occurred between the two.
The question is whether this conduct of these defendants constitutes actionable negligence.
Before a determination of liability can be made, we must first inquire as to whether any causal relationship exists between the harm to the plaintiff and the defendants' alleged negligent conduct. Thus, if the plaintiff can show that he probably would not have suffered the injury complained of but for the conduct of the defendants, he has carried his burden of proof relative to cause-in-fact. Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Vidrine v. Missouri Farm Association, 339 So.2d 877 (La.App. 3 Cir. 1976), writ denied, 342 So.2d 216 (La.1977); Stewart v. Gibson Products Company of Natchitoches Parish, Louisiana, Inc., 300 So.2d 870 (La.App. 3 Cir. 1974).
There can be no question that the accident would not have occurred but for the defendants' allowing the inmates access to tools which could be used as dangerous weapons in situations where there was no constant supervision.
However, this finding of a causal relationship between the conduct of the defendants and the injuries suffered by plaintiff does not necessarily establish the former's responsibility in damages for such injury. Rather, in addition, for the plaintiff to recover damages for such conduct, it must be established that the conduct complained of constituted a breach of a legal duty imposed on defendants to protect against the particular risk involved. Smolinski v. Taulli, 276 So.2d 286 (La.1973); Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970); Shelton v. Aetna Casualty & Surety Company, supra; Hill v. Lundin & Associates, Inc., supra; Vidrine v. Missouri Farm Association, supra.
*410 Parker v. State, 282 So.2d 483 (La.1973), set forth the legal duty imposed upon penal authorities for the protection of inmates against attacks by other inmates, stating at page 486:
"A penal institution is not an insurer of an inmate against attacks by other inmates. The standard is that of reasonable or ordinary care. The majority rule is that in order to hold the penal authorities liable for an injury inflicted upon an inmate by another inmate, the authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm. St. Julian v. State, La.App., 98 So.2d 284 (1957); 60 Am.Jur.2d, Penal and Correctional Institutions, § 17, p. 821 (1972); 72 C.J.S. Prisons § 13, p. 866; Annot., Prison-Assault by Prisoner, 41 A.L.R.3rd 1021, 1028-1029 (1972)."
See also Breaux v. State, 326 So.2d 481 (La.1976) and Lewis v. Listi, 377 So.2d 551 (La.App. 3 Cir. 1979).
This Court, in Lewis v. Listi, supra, has developed a two-part test to determine whether penal authorities have breached this legal duty. First, the plaintiff must show that the authorities knew or had reason to anticipate that the inmate who attacked was going to harm the plaintiff, and secondly, that the authorities failed to use reasonable care in preventing such harm.
The trial court, in its written reasons for judgment, summarized the evidence on this question of whether the defendants knew or had reason to anticipate that Pratoff was going to harm plaintiff. We find this summarization to be accurate and adopt it as our own. The trial court stated:
"Plaintiff contends that he informed a Sgt. James Odom that he was having trouble with persons on the grass cutting crew and wished to be transferred to a different crew.
"Sgt. Odom is a member of the Louisiana National Guard stationed at Camp Beauregard. At the time of plaintiff's injury Sgt. Odom was responsible for supervision of several work crews composed of inmates from the Louisiana Department of Corrections. Sgt. Odom's duties consisted of assigning tasks to the various crews and seeing that these tasks were properly performed. Sgt. Odom testified that plaintiff was somewhat a troublemaker and a malcontent. Sgt. Odom further testified that plaintiff had complained of problems with members of two previous work crews, and had been transferred to different crews twice within the last two months preceeding [sic] the injury on the basis of these complaints. Sgt. Odom said that plaintiff had complained to him in a general fashion of problems with members of the grass crew, but had named no individual nor any reason to anticipate trouble. Plaintiff never expressed any fear for his own safety to Sgt. Odom, but just complained of inability to get along.
"The plaintiff himself testified that he was not afraid of Pratoff or any other member of the grass crew. I find this attitude understandable, since plaintiff is six feet seven inches (6'7") tall and weighed two hundered [sic] and eighty (280) pounds at the time of the incident."
The trial court then stated its conclusion as follows:
"Plaintiff failed to prove that these defendants knew or had reason to anticipate the fight between defendant and Pratoff. Given the minimum security nature of the work release program and the careful screening of inmates for this program, I find that the Louisiana Department of Corrections and the Louisiana National Guard exercised reasonable care in conducting this program, and in the supervision of the inmates."
We agree with these findings of the trial court. We hold that plaintiff has failed to prove that the defendants breached the legal duty imposed upon them to prevent the type of harm he suffered and, therefore, has failed to prove actionable negligence on the part of these defendants.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are assessed against plaintiff-appellant.
AFFIRMED.