417 So.2d 892 (1982)
John S. GUILLORY, Plaintiff-Appellee,
v.
AUDUBON INSURANCE CO., et al., Defendants-Appellants.
No. 82-86.
Court of Appeal of Louisiana, Third Circuit.
July 21, 1982.
*893 Brinkhaus, Dauzat & Falgoust, Jerry J. Falgoust, Opelousas, for defendants-appellants.
Pucheu, Soileau & Coreil, C. Brent Coreil, Ville Platte, for plaintiff-appellee.
Guglielmo, & Lopez, James Lopez, Opelousas, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
This is a suit for damages for personal injuries. Plaintiff, John Shirley Guillory, instituted this action against defendants, Audubon Insurance Company (hereafter Audubon) and Standard Fire Insurance Company (hereafter Standard) seeking damages for personal injuries received when a tree, cut by plaintiff's brother, Larry Guillory, landed on plaintiff's leg resulting *894 in serious and permanently disabling injuries. Audubon is the liability insurer of the premises where the accident occurred and Standard is the liability insurer of Larry Guillory. Basil Guillory, plaintiff's father, is the owner of the insured premises. The trial court, after a hearing on the merits, concluded that Larry Guillory was not negligent and dismissed plaintiff's suit as to his insurer, Standard. The trial court concluded that Basil Guillory, the owner of the premises, was negligent in that he knew or should have known of the existence of certain dangerous conditions on his property, yet failed to warn the plaintiff of their existence. The trial court awarded plaintiff the sum of $25,000.00. Audubon appeals from that judgment. Plaintiff has neither answered defendant's appeal nor appealed from the aforesaid judgment. Therefore, the aforesaid judgment, insofar as it dismissed plaintiff's suit as against Standard, is final.
Prior to trial, the parties stipulated to the fact of the accident; coverage by defendant, if liability on the part of Basil Guillory is determined; and, the amount of medical expenses incurred by plaintiff.
The facts of the accident are relatively undisputed. On October 22, 1977, Larry Guillory, accompanied by his son, Joey, age 13, was engaged in cutting down a large tree which had been struck by lightning on some earlier date. The tree trunk had been fractured approximately 12 feet from the ground with the remaining portion of the trunk, about 25 to 30 feet in length, lying at an angle toward the ground. The tree was located on Basil Guillory's property which was leased at that time to a soybean farmer. The area where the tree had fallen was overgrown with weeds and some scattered soybean plants. Larry was in the process of trimming a few remaining branches from the trunk of the tree when plaintiff arrived to observe the activity. Prior to cutting the two remaining branches which supported the trunk portion of the tree, Larry and the plaintiff discussed the direction in which the tree would fall. Plaintiff surmised that the tree would fall relatively straight down in the direction in which plaintiff was then standing. Immediately prior to the accident, plaintiff was standing near that portion of the fallen tree furtherest from the base of the tree. Larry was positioned on the side of the tree opposite to plaintiff and somewhat closer to the base of the tree. Originally Joey was standing in a position 15-20 feet away from the tree on the same side as plaintiff and approximately where plaintiff was ultimately injured. Prior to the cutting of the remaining supporting branches, plaintiff instructed Joey to move away from the area where Joey was standing to a place of safety. Joey did so. Although plaintiff denies that Larry warned him to move out of the way, both Larry and Joey testified that plaintiff was warned twice to move to a position of safety.[1] Thereafter, Larry proceeded to cut the last supporting branch which resulted in a cracking noise as the tree began to fall. Upon hearing the cracking of the supporting branch, plaintiff instantly froze, then suddenly began moving forward at an angle away from the falling tree to a position approximately where Joey had been standing prior to plaintiff's warning. In his attempt to move out of danger, plaintiff tripped on a branch concealed by the tall grass growing in the area. Although there is some dispute in the testimony, it appears that the tree trunk rolled, and subsequently, landed on plaintiff's leg resulting in a compound fracture of plaintiff's tibula and fibula. Plaintiff's injuries required two surgical procedures and ultimately resulted in plaintiff being permanently disabled.
In awarding judgment to plaintiff, the trial court found that Audubon's insured, Basil Guillory, was negligent in allowing a dangerous condition to exist on premises owned by him and failing to correct and/or warn of such condition.
The issues on appeal are: (1) Does a causal relationship exist between the harm to plaintiff and Basil Guillory's alleged negligent *895 conduct? (2) What, if any, duty was owed by Basil Guillory to the plaintiff? (3) Was there a breach of this duty? (4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? and, (5) Was plaintiff contributorily negligent or did he assume the risk of harm, thus, barring his recovery? We will consider these issues in the order set forth.
Audubon first contends that the alleged negligence of Basil Guillory, specifically, his failure to correct the condition of the tree branches lying on the ground or, in lieu thereof, of warning the plaintiff of their existence, was not the cause in fact of plaintiff's injuries. In Shelton v. Aetna Casualty and Surety Company, 334 So.2d 406 (La.1976), our Supreme Court noted:
"It is well settled that for alleged wrongful conduct to be actionable negligence it must be found to be a cause in fact of the resulting harm. Jones v. Robbins, 289 So.2d 104 (La.1973); Dixie Drive It Yourself System v. American Beverage Company [242 La. 471, 137 So.2d 298] supra., Mixon v. Allstate Insurance Co., 300 So.2d 232 (La.App.2d Cir.), writ refused, 303 So.2d 179 (La.1974). This determination of whether the conduct complained of bears a causal connection in fact to the occurrence of the accident is properly made without reference to those policy considerations required when ascertaining liability by the duty-risk approach. Thus if the plaintiff can show that he probably would not have suffered the injury complained of but for the defendant's conduct, he has carried his burden of proof relative to cause in fact. See Stewart v. Gibson Products Company of Natchitoches Parish Louisiana, Inc., 300 So.2d 870 (La.App. 3rd Cir. 1974); Malone, Ruminations on Dixie Drive It Yourself versus American Beverage Company, 30 La.L.Rev. 363 (1970)."
Thus, in the present case, we must determine if but for Basil Guillory's failure to correct the allegedly unreasonably dangerous condition existing on his property or at least warning plaintiff of its existence, plaintiff would not have been injured.
The record reflects that a few days prior to plaintiff's accident, Larry and Basil Guillory examined the fallen tree and discussed the best manner in which to cut the same. While at the tree site, Larry under Basil's direction, trimmed a few of the tree's branches and left them lying on the ground in the area. The record reflects that Basil made no effort to remove the discarded branches from the premises, nor did he warn plaintiff of their existence. It is clear that Basil had knowledge that there were tree branches lying in the grassy area surrounding the tree at the time of the accident. The evidence and testimony received at trial clearly establish that the cause in fact of plaintiff's accident was the actual felling of the tree combined with his running into its path and tripping over the tree branches lying on the ground.
The district court concluded from the evidence presented at trial, that the facts of the instant matter satisfied the aforestated "but for" test. Clearly, but for the fallen tree, the scattered branches, Larry's action in cutting the tree at that point in time when John Shirley was in close proximity to the tree, the accident would not have occurred. Therefore, to that extent, it can be said that Basil Guillory's permitting such conditions to exist was a cause in fact of the accident.
Although the allowance by the landowner of the aforesaid conditions to exist and his failure to remove the tree branches or warn of their existence may have been a cause in fact of plaintiff's injuries, our inquiry does not end there. Rather, before the plaintiff can be allowed to recover for such allegedly negligent conduct, it must be established that the conduct complained of constituted a breach of a legal duty imposed to protect against the particular risk involved. See Vidrine v. Missouri Farm Association, 339 So.2d 877 (La.App. 3rd Cir. 1976), writ refused, 342 So.2d 216 (La.1977). In this regard, our Supreme Court in Shelton, supra, stated:
"A finding that defendant's conduct was the cause in fact of plaintiff's injury, however, does not establish liability. In *896 addition, we are required to ascertain whether the landowner breached a legal duty imposed to protect against the particular risk involved. Smolinski v. Taulli, 276 So.2d 286 (La.1973); Hill v. Lundin & Associates, Inc., [260 La. 542, 256 So.2d 620] supra; Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1971); Page v. Green, 306 So.2d 847 (La.App. 2d Cir. 1975). In making this determination, the following inquiries must be made: (1) What, if any, duty was owed by the landowner to the plaintiff? (2) Was there a breach of this duty? (3) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? Jones v. Robbins, [La., 289 So.2d 104] supra; Hill v. Lundin & Associates, Inc., supra; Thomas v. Hanover Insurance Co., 321 So.2d 30 (La.App. 3rd Cir. 1975)."
The duty owed by a landowner to a guest such as the plaintiff was set forth in Vidrine, supra, wherein we stated:
"... (T)he landowner owed plaintiff a duty to discover any unreasonably dangerous conditions on the premises and to either correct the condition or warn him of their existence. Shelton v. Aetna Casualty and Surety Company, supra; Natal v. Phoenix Assurance Co., 305 So.2d 438 (La.Sup.Ct.1974); Foggin v. General Guaranty Insurance Co., 250 La. 347, 195 So.2d 636 (1967)."

In addition, as we stated in Boutte v. Pennsylvania Millers Mutual Insurance Co., 386 So.2d 700 (La.App. 3rd Cir. 1980),
"... it is well settled that a landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner. Shelton v. Aetna Casualty Co., supra; Alexander v. General Accident Fire and Life Assurance Corp., 98 So.2d 730 (La.App. 1st Cir. 1957), writ denied Feb. 10, 1958."

In light of the aforestated jurisprudence, we conclude that Basil Guillory owed to plaintiff the duty to discover any unreasonably dangerous conditions on the premises and to either correct the condition or warn plaintiff of its existence. Presumably, the trial court concluded that the presence of the fallen tree and the tree branches scattered on the ground in the accident area presented an unreasonably dangerous condition, thus, triggering the aforesaid legal duty. In addition, the trial court concluded that Basil's failure to warn the plaintiff of the tree branches constituted a breach of the legal duty owed by the landowner to the plaintiff and that the risk and subsequent harm caused was within the scope of protection afforded by such duty. We disagree.
We conclude that the fallen tree and the branches lying on the ground in the area of the tree did not create an unreasonably dangerous condition such that the landowner had a duty of prior discovery, correction, and/or warning. In this regard, as stated, a landowner is not liable for injury sustained which results from a condition which should have been observed by the individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner. See Shelton v. Aetna Casualty & Surety Co., supra. The aforesaid principle is clearly applicable to the facts of the instant matter. When a dangerous condition is patently obvious and easily avoidable, it can hardly be considered to present a condition creating an unreasonable risk of harm.
At trial, the plaintiff admitted that the cutting of the tree presented a dangerous situation. He also testified that he observed several tree branches lying in the grassy area surrounding the tree. Plaintiff conceded that he warned Joey Guillory to move away from the same area in which he was ultimately injured, thus, indicating that plaintiff had prior knowledge of the danger associated with the area. Further, Larry and Joey both testified that Larry had warned plaintiff on two occasions to move away from the area to a position of safety, yet plaintiff elected not to do so. The record reflects that defendant's insured was not present at the accident site, nor did he have knowledge that either plaintiff or his brother would be on his premises engaging *897 in the tree cutting task on the day of the accident. Thus, it is clear that the hazardous nature of the activity, as well as the obstacle presented by the tree branches lying in the area, was as obvious to the plaintiff, if not more so, than to defendant's insured who was not even present at the accident scene. Surely a reasonable man would anticipate the presence of tree branches lying in the area surrounding a fallen tree. Clearly, an invitee, such as the plaintiff, has the duty to exercise due care while on another's premises. It would be unreasonable to impose upon a landowner the duty of prior discovery, correction and/or warning under the present factual circumstances. Thus, we determine that the trial court erred in concluding that the landowner owed a legal duty to plaintiff and that the fallen tree and branches lying on the ground on Basil's premises constituted an unreasonably dangerous condition.
In brief, plaintiff refers to defendant's liability under LSA-C.C. Article 2317 (Louisiana's strict liability statute), although he fails to elaborate on the aforesaid article's applicability to the instant matter. We find the article inapplicable under the circumstances presented.
In the recent Louisiana Supreme Court case entitled Kent v. Gulf States Utilities Company, 418 So.2d 493 (La.1982), Justice Lemmon, in distinguishing liability based on LSA-C.C. Articles 2315 and 2316 from liability based on LSA-C.C. Article 2317, stated:

"In a typical negligence case (those based on C.C. 2315 and 2316) against the owner of a thing (such as a tree) which is actively involved in the causation of injury, the claimant must prove that something about the thing created an unreasonable risk of injury that resulted in the damages, that the owner knew or should have known of that risk, and that the owner nevertheless failed to render the thing safe or to take adequate steps to prevent the damage caused by the thing. Under traditional negligence concepts, the knowledge (actual or constructive) gives rise to the duty to take reasonable steps to protect against injurious consequences resulting from the risk, and no responsibility is placed on the owner who acted reasonably but nevertheless failed to discover that the thing presented an unreasonable risk of harm.

In a strict liability case against the same owner, the claimant is relieved only of proving that the owner knew or should have known of the risk involved. The claimant must still prove that under the circumstances the thing presented an unreasonable risk of harm which resulted in the damage (or must prove, as some decisions have characterized this element of proof, that the thing was defective)." (Emphasis ours)

Since we have concluded that the trial court erred in finding that Basil Guillory breached a legal duty owed to plaintiff, we need not address the remaining issues hereinabove set forth.
For the above and foregoing reasons, the judgment of the trial court is reversed and set aside and plaintiff's suit against Audubon is dismissed with prejudice. All costs of this appeal and all costs at the trial level are assessed to plaintiff-appellee, John Shirley Guillory.
REVERSED AND RENDERED.
NOTES
[1] The trial court, in concluding that Larry Guillory was not negligent, found as fact that Larry warned plaintiff twice to move to a position of safety.