TED R. BROYLES, Judge Pro Tem.
Plaintiff, Mrs. Earline Hines, brought this suit to recover damages for personal injuries sustained at the premises of Cajun Mud Track, Inc., near Youngsville, Louisiana, in Lafayette Parish. She appeals from the judgment of the lower court in favor of Cajun Mud Track, Inc. and its insurer, Western World Insurance Company, Inc., rejecting her demands.
On July 31, 1983, plaintiff, accompanied by her husband and their 18 year old son, went from their residence in Avoyelles Parish to attend the mud races at defendant’s track. On arrival at about 10 o’clock that Sunday morning, they were directed by a state trooper to a parking lot beyond a lounge situated about two blocks from the main entrance. On prior occasions — Mr. and Mrs. Hines had attended races there at least three times previously — they had been allowed to drive into the main entrance. On this day there was an unusually large crowd owing to promotional offerings.
After parking their pickup truck, plaintiff and her family members walked toward the main entrance but were met at a cattle gap by three persons purporting to be track employees, according to the testimony of plaintiff and her husband. Mr. Hines paid the admission and was told that it would not be necessary to walk to the main entrance, with the suggestion that they could simply cross the fence along the way.
After walking another 250 to 300 feet, the Hineses observed that the top strand of a barbed wire fence had been cut or removed, saw others entering the premises at this point, and assumed that this was the area which the track employees meant to designate. In this regard, defendants seriously dispute that these were authorized employees, or that plaintiff and her family were directed to cross the fence by any agent or employee of the defendant.
Beyond this fence there was a ditch about three feet wide situated about ten feet from the fence. The ditch had been constructed for drainage purposes. It had rained the night before and the area in general was wet and muddy. Mrs. Hines expressed grave concern as to her own ability to jump the ditch, even after her son had done so with relative ease. She could not swim, she testified, and was unsure of *659 the depth of the water in the ditch. It was only after encouragement by her husband and son, with assurance of their assistance, that she attempted to traverse the ditch. As she did so, and jumped, her foot “slipped and turned or something”, resulting in injury to her right knee which entailed major ligament surgery and other medical care.
Plaintiff and her husband had been keenly interested in this sporting endeavor, mud truck racing, for years. They had attended various mud race tracks in Louisiana (La Place, New Roads) and for two years had themselves operated a mud track at the Avoyelles Recreation Park at Hessmer, Louisiana. They affirmed that by the very nature of the enterprise the terrain common to all is flat, usually wet and muddy, particularly following substantial rainfall. More significantly, they were well acquainted with the premises owned by the defendant, Cajun Mud Track.
The trial judge found no evidence to support the conclusion that defendant or its agents had removed the strand of wire, or directed plaintiff or anyone else to cross the fence instead of going to the main entrance. The record reflects no abuse of his discretion in this regard.
The trial court further held that plaintiff was not entitled to recover under strict liability under La.C.C. Article 2317. We agree. One of the prerequisites for the application of strict liability is a finding that the owner of the property created an unreasonable risk of harm to persons on the premises. Farr v. Montgomery Ward and Company, Inc., 430 So.2d 1141 (La. App. 1st Cir.1983).
Finally, appellant contends that an award should be granted under the concept of comparative negligence. That argument, however, is untenable for the reason that defendant was free from fault. Vidrine v. Missouri Farm Association, 339 So.2d 877 (La.App. 3rd Cir.1976). Plaintiff was aware of the ditch, the slippery, muddy condition on both sides. Although cog-
AFFIRMED AT APPELLANT’S COST. nizant thereof, even fearfully so, she proceeded to assume the risk involved.