509 So.2d 712 (1987)
Ida L. RASMUSSEN, Plaintiff-Appellant,
v.
STATE FARM FIRE & CASUALTY COMPANY, et al., Defendants-Appellees.
No. 86-557.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
Writ Denied September 21, 1987.
Privat and Regan, Thomas K. Regan, Crowley, for plaintiff-appellant.
Roy, Forrest and Lopresto, L. Albert Forrest, New Iberia, for defendants-appellees.
Before GUIDRY and FORET, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge, Retired, Pro Tem.
Plaintiff, Ida Rasmussen, brought this suit to recover damages for personal injuries sustained when she tripped and fell over a stake or rope attached to a tent located on the property of defendant, Nathan Cormier. Also made defendant was Cormier's insurance company, State Farm Fire & Casualty Company. After a trial on the merits, the trial judge held that there was no vice on the property nor negligence on the part of Cormier, and dismissed plaintiff's suit. From this adverse judgment, plaintiff appeals. We affirm.

FACTS
On November 12, 1983, plaintiff was attending an outdoor party as a guest of the *713 defendant, Cormier, on his property near Cade, Louisiana in St. Martin Parish. To set up the party, Cormier borrowed a medium-sized tent from the National Guard, which was erected with rope attached to the ground by stakes. Two house trailers used as restrooms were located approximately 150 to 200 feet north of the tent. South of the tent was a dance floor and west of the dance floor was a shed where a disc jockey played music. West of the tent was a small camper trailer and between this trailer and the tent was a temporary table used for cooking.
Plaintiff arrived after dark and later went with others to one of the house trailers behind the tent to use the bathroom. Upon exiting the house trailer, plaintiff led the way back to the party by walking between the tent and the camper trailer. As plaintiff passed the area, she caught her foot in either the rope or stake attached to the tent and fell, seriously breaking her ankle.
Plaintiff argues that the area where she fell was dimly lit and that the stakes and ropes of the tent should have been covered to prevent her from tripping. The record reflects that the area was directly lit by a 100 watt bulb at the upper edge of the small camper trailer, which was located 10 to 15 feet from where plaintiff fell; by two bulbs hung from 14-foot posts at the northwest corner of the dance floor; by two four-foot fluorescent lights in the open-ended disc jockey's shed, and indirectly by three bulbs located inside the tent.
The trial judge found that the area was adequately lit and that there was no unreasonable risk of harm to the plaintiff. On appeal, plaintiff contends that the trial court erred:
(1) In failing to find that a vice or defect existed on the premises;
(2) In failing to apply the law of strict liability properly;
(3) In failing to find that an unreasonable risk of harm existed on the premises or which were created by Nathan Cormier's actions; and
(4) In failing to find fault or negligence on the part of Nathan Cormier.

LAW
Plaintiff contends that defendants are solidarily liable for her damages under either the theory of strict liability or negligence.
Whether a tort claim for damages is tested under traditional negligence concepts or strict liability under La.C.C. art. 2317, the initial inquiry is whether defendant's conduct or inaction posed an unreasonable risk of injury to others. Entrevia v. Hood, 427 So.2d 1146 (La.1983); Pitre v. Aetna Life and Cas. Co., 434 So.2d 191 (La.App. 3 Cir.1983), writ granted, 440 So.2d 754 (La.1983), rev'd on other grounds, 456 So.2d 626 (La.1984). To determine whether a risk is unreasonable, the court must balance the probability and the gravity of the harm posed against the utility of the thing and the individual and societal rights and obligations involved.
It is well settled in Louisiana that a landowner is not liable for an injury which results from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner. Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976); Guillory v. Audubon Ins. Co., 417 So.2d 892 (La.App. 3 Cir.1982).
A pedestrian is not required to look for hidden dangers, but he is bound to observe his course and to see if his pathway is clear. A pedestrian is held to have seen those obstructions in his pathway which would be discovered by a reasonably prudent person exercising ordinary care under the circumstances. Campbell v. Tidwell, 407 So.2d 1359 (La.App. 3 Cir. 1981).
Plaintiff admitted that she was not watching her path as she approached the tent, although she was aware that this type of tent was secured in the ground by ropes and stakes. When a dangerous condition is patently obvious and easily avoidable, it can hardly be considered to present a condition creating an unreasonable risk of harm. Guillory, supra.
*714 The trial judge was not clearly wrong in finding as a fact that the tent stake or rope on which plaintiff tripped did not pose an unreasonable risk of harm to plaintiff.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.