| iPEATROSS, Judge,
dissenting.
I respectfully dissent from the majority’s decision to reverse the trial court’s granting of the motion for summary judgment. The trial court concluded the accident occurred because plaintiff failed to see what she should have seen had she been paying attention and the fact that the block was not fastened to the ground did not have anything to do with the accident. The majority, however, concludes that because the large parking block did not fall directly across the plaintiffs path, it was “less obvious”, a characterization with which I disagree.
The majority further concludes that Tharpe and Warren “did not produce evidence to support the district judge’s finding that the plaintiff was not paying attention while she was walking toward the building entrance.” Again, I do not agree with this conclusion. At her deposition, plaintiff testified that after exiting her car, she walked to the front of her vehicle and turned right towards the entrance of the LP & L building. The following exchange occurred between plaintiff and counsel for LP & L:
Q. What were the weather conditions on that date?
A. Clear, sunny.
Q. Is there anything that obscured your vision from seeing the parking block or — excuse me — the tire stop that you tripped over on the date of November 6,1992?
A. No. I had my purse in my hand. That’s the only thing that I had that could have possibly obscured my vision.
Q. And you did know that the parking blocks were in the front—
A. Yes.
Plaintiff states in her deposition that she had her purse on her right side toward the car, *894 and that after she passed in front of her car, her left foot came in contact with the parking block. This testimony shows that plaintiffs view was not obstructed; and, thus, as found by the trial judge, she should have seen the parking block. |2Summary judgment was proper in this case based on the facts presented by Tharpe & Warren[1].
It is incongruous that LP & L is appealing the granting of Tharpe and Warren’s motion for summary judgment when LP & L had filed the same motion in the trial court and urged the same arguments. From the very beginning of the suit, LP & L argued that plaintiffs failing to observe what should have been observed was the sole cause of the accident[2]. In its Memorandum in Support of Motion for Summary Judgment, LP & L further argued:
It is fundamental Louisiana Law that a defendant cannot be held liable for a plaintiffs fall over an object that is equally observable to plaintiff as it is to defendant. Guillory v. Audubon Insurance Co., 417 So.2d 892 (La.App. 3d Cir.1982). Under the deposition testimony submitted in support of both LP & L’s and Tharpe & Warren’s Motions for Summary Judgment, Ms. Barnhill’s fall was clearly not caused by any defect or wrongdoing of defendants but solely by her own negligence in failing to see what she should have seen in observing the parking blocks and their position while entering the premises.
LP & L failed to file any opposition to Tharpe & Warren’s motion for summary judgment in the trial court and did not appear at the hearing on the motion. Finally, LP & L, in its Supplemental Memorandum in Support of LP & L’s Motion for Summary Judgment, characterized the trial judge’s ruling on Tharpe & Warren’s motion for summary judgment as being “in full accord with fundamental legal principles.”

. As noted by the majority, plaintiff did not appeal the adverse judgment.

. In its answer to the original petition, LP & L asserts this argument as an affirmative defense, which is a judicial confession. La.C.C. art. 1853; Starns v. Emmons, 538 So.2d 275 (La.1989).