407 So.2d 1359 (1981)
Joyce B. CAMPBELL, Plaintiff-Appellant,
v.
Pam TIDWELL and Robert B. Deblieux, Defendants-Appellees.
No. 8503.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
*1360 Trimble, Randow, Percy, Smith, Wilson & Foote, Elizabeth E. Foote, Alexandria, for plaintiff-appellant.
Watson, Murchison, Crews, Arthur & Corkern, R. Raymond Arthur, and Brittain & Williams, Joe Payne Williams, Natchitoches, Gold, Little, Simon, Weems & Bruser, Edward E. Rundell, Alexandria, for defendants-appellees.
Before DOMENGEAUX, GUIDRY, and DOUCET, JJ.
DOMENGEAUX, Judge.
The plaintiff, Joyce B. Campbell, brought this suit to recover damages for personal injuries she sustained when she fell on February 26, 1979,[1] in a driveway parking area located behind a building owned by defendant, Robert B. Deblieux, and rented by defendant, Pam Tidwell. Plaintiff additionally alleged that the City of Natchitoches was also responsible because a ledge located where she fell should have been recognized by the City as being dangerous since it was on or near the City sidewalk. After a trial on the merits, the trial judge held that the sole proximate cause of the accident was Mrs. Campbell's inattentiveness in watching where she was walking, and her stumbling on something with her right ankle. From this adverse judgment, the plaintiff has appealed against all defendants. We affirm.
On appeal plaintiff suggests that the trial court erred in: (1) applying the wrong standard of care owed by lessors and lessees to a third party lawfully on the premises; and (2) finding that the sole proximate cause of plaintiff's injuries was her own inattentiveness and stumbling on something in her walkpath, and not finding defendants liable for plaintiff's injuries resulting from the foreign substance found on the premises or for the enhanced damages resulting from plaintiff catching her foot on the ledge.
On February 26, 1979, plaintiff was visiting Natchitoches as a guest of the defendant, Tidwell. Tidwell was the lessee of the property in question which was owned and leased by defendant Deblieux. Miss Tidwell was operating a Snelling & Snelling employment service office on the premises, using the premises both as a business and as her home. At approximately 2 P. M. plaintiff was following a Snelling & Snelling representative to his automobile which was parked on the street near the premises. The Snelling representative preceded plaintiff through the rear door of the building and on a concrete driveway located behind plaintiff's residence. The driveway in question was partially blocked by plaintiff's automobile which she had parked there earlier that day. As plaintiff approached the side of the building via the concrete driveway, approximately three feet from the sidewalk, she twisted her right foot and ankle, and lost her balance. In an effort to regain her composure plaintiff threw her *1361 left foot out and struck her toe on a one-inch raised concrete ledge which abutted the rear of the building. When plaintiff caught her toe on this ledge she fell forward onto the concrete sidewalk, breaking her left ankle.
Plaintiff contends that the trial court erred in applying the wrong standard of care owed by lessors and lessees to third persons who are lawfully on the premises. More particularly, plaintiff contends that the defendants lessee and lessor are strictly liable under Civil Code Articles 2317 and 2322, respectively. We do not agree.
In Albritton v. J. C. Penney Company, Inc., 385 So.2d 549 (La.App. 3rd Cir. 1980), writ denied 393 So.2d 727 (La.1980), this Court thoroughly addressed these issues and we quote:
"Owners and occupiers of land have an affirmative duty to exercise reasonable care in maintaining their premises in a safe condition and of warning any individuals, who they know or should have known may venture onto those premises, of any concealed or hidden defects. LSA-C.C. Articles 2315, 2316; McCauley v. Nicholas, 297 So.2d 914 (La.App. 1 Cir. 1974) writ denied 302 So.2d 24 (La.1974). LSA-C.C. Article 2695, which provides for strict liability of a landlord for damages resulting from hazardous conditions on the leased premises, is restricted to the landlord-tenant relationship and does not apply to third parties, whose rights are protected by LSA-C.C. Articles 2315, 2316, 2322, and former Article 670 (see now Article 660). Reed v. Ramsay, 355 So.2d 618 (La.App. 4 Cir. 1978). In order for a plaintiff to recover from a landowner-lessor, he must prove that the damages he suffered were as a result of a defect or vice in the thing owned or leased. Lanclos v. Tomlinson, 351 So.2d 1218 (La.App. 3 Cir. 1977), writ denied, 352 So.2d 1023 (La.1977).
Additionally, not every defect can serve as a basis for a claim. The defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. McCauley, supra; Templin v. Traders & General Insurance Co., 288 So.2d 660 (La.App. 3 Cir. 1974)."
Likewise, in order for plaintiff to recover against the lessee under C.C. Article 2317 she must prove a defect in the premises. Jones v. City of Baton Rouge-Parish of East Baton Rouge, 388 So.2d 737 (La.1980).
Mrs. Campbell did not fall and injure herself because of any defect in the design or construction of the leased premises. Plaintiff testified that she fell as a result of her twisting her ankle on some foreign object. Although she was unable to identify this object, she alleged that it was either a clump of clay (mud) or a stone which caused her to twist her ankle. We disagree with the plaintiff's contention that the presence of a foreign object, such as a piece of dirt or clay, if in fact there was one on the premises, constitutes a defect within the meaning of C.C. Articles 2317 and 2322, giving rise to Louisiana's counterpart to strict liability.
Plaintiff additionally contends that the one inch ledge which protruded from the building also constituted a defect. As noted in Albritton, supra, the defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Plaintiff also bears the burden of proving that her injury was caused by the defect. Jones v. City of Baton Rouge, supra.
The only significant evidence offered at trial describing this alleged defect was the testimony of Mrs. Campbell and some photographs taken of the area.[2] Plaintiff testified that the one inch ledge *1362 was clearly visible as one approached the sidewalk down the driveway, and the photographs taken and offered into evidence clearly established the same. In fact, plaintiff testified that she knew the ledge was there and that it would hardly be possible not to know that it was there if you were approaching it. Based on this evidence, we conclude that plaintiff failed to prove that the alleged defect, i.e. the protruding ledge, in the driveway occasioned an unreasonable risk of injury to those who traversed thereon. Furthermore, as mentioned above and discussed below, plaintiff has failed to prove that the alleged defect caused her injury.
Under LSA-C.C. Arts. 2315 and 2316 owners and occupiers of land have an affirmative duty to exercise reasonable care in maintaining their premises in a safe condition and of warning any individuals, who they know or should have known may venture onto those premises, of any concealed or hidden defects.
The facts before us are essentially undisputed. Earlier that day plaintiff pulled her automobile up onto the mud covered driveway and entered defendant's premises. Later that day as she left defendant Tidwell's residence through the rear door back across the mud covered driveway, she stepped on something she believed to be a large clump of clay (dirt) or a stone. She also testified that she was aware of or saw the one inch ledge protruding from the building. She claims, however, that she failed to notice what she stepped on. Plaintiff offered no evidence tending to establish the fact that the foreign substance upon which she stepped was hidden or concealed. Additionally, there can be no question as to the obviousness of the protruding ledge.
Plaintiff was a pedestrian and as such is held to have seen that which she should have seen. A pedestrian is not required to look for hidden dangers but she is bound to observe her course and to see if her pathway is clear. A pedestrian is held to have seen those obstructions in her pathway which would be discovered by a reasonably prudent person exercising ordinary care under the circumstances. Boutte v. Pennsylvania Millers Mutual Insurance Company, 386 So.2d 700 (La.App. 3rd Cir. 1980); Artigue v. South Central Bell Telephone Company, 390 So.2d 211 (La.App. 3rd Cir. 1980), writ denied 396 So.2d 917 (La. 1981).
The trial judge stated in his reasons for judgment:
"... That Mrs. Campbell was not watching where she was going and that the sole and proximate cause of her accident was her stumbling on something with her right ankle, causing her to injure her left ankle."
Our law is well settled that where there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's determination, on review the appellate court should not disturb this finding unless it is clearly wrong or manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). We find no manifest error on the part of the district judge, who found all the defendants free of any actionable negligence, and that the sole proximate cause of plaintiff's accident and resulting injuries was her own negligence. Consequently, we affirm the trial judge's finding of fact in this case.
For the above and foregoing reasons the judgment of the trial court is affirmed and all costs below and on appeal are to be taxed against plaintiff-appellant, Joyce B. Campbell.
AFFIRMED.
NOTES
[1] The accident in question occurred prior to the effective date of the new Louisiana comparative negligence law, LSA-C.C. Art. 2323.
[2] Dallas Purcell, Tidwell's neighbor, also testified concerning the condition of the driveway. His testimony, however, merely reiterates the plaintiff's testimony.