504 So.2d 1064 (1987)
Odile CROCHET, Wife of/and Rudy J. Crochet
v.
Lubby FREEMAN, Jr. and James Craver, Both Individually and d/b/a L & J's Neighborhood Bar a/k/a L & J's Brown Derby Bar
No. CA 85 1339.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
Kirk R. Granier and Leonard K. Fisher, Jr., Boutte, for plaintiff-appellant Odile Crochet wife of/and Rudy Crochet.
Owen Joyner, Metairie, for defendant-appellee Lester Fremin.
Laddie Freeman, Houma, for defendants-appellees Luby Freeman, Jr. and L & J's Brown Derby, Inc.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
This tort action was brought by plaintiffs, Odile Crochet and her husband Rudy, for damages arising out of injuries sustained by Odile in a slip and fall accident. Named as defendants in the original petition were Lubby Freeman, Jr. and James Craver[1], d/b/a L & J's Brown Derby Bar, and ABC Insurance Company. L & J's Brown Derby, Inc. and Lester Fremin as owner/landlord of the premises where the accident occurred were added as defendants by plaintiffs' first amended petition. James Craven was dismissed as a defendant by the trial court's granting of plaintiffs' motion to dismiss. Continental Insurance Company, the landlord's liability insurer, *1065 was substituted for ABC Insurance Company as a defendant by plaintiffs' second amended petition. After trial on the merits, judgment was rendered against plaintiffs and in favor of defendants, Lubby Freeman, Lester Fremin, L & J's Brown Derby, Inc., and Continental Insurance Company. Plaintiffs have devolutively appealed this adverse judgment.

FACTS
At approximately 10:00 on the night of October 12, 1983, Odile Crochet entered L & J's Brown Derby, a bar and lounge in Terrebonne Parish, in order to get a set of car keys from her husband who was a customer at the bar. As she was leaving the building, she slipped on what she thinks was either a piece of shell or gravel that was on the landing which is immediately outside of the front door. Odile fell to the ground, striking her arm on an iron pipe guard railing, and sustained a cut on her right arm as well as soft-tissue injuries to her right elbow and lower back.
Although the court refers to the area where plaintiff slipped as a "landing", it could also be described as a step or a ramp. Because of the rather unusual configuration of this area, the witnesses, including the experts who testified at the trial, could not place it squarely in one category or the other. The area's surface and contours are irregular, it slopes away from the doorway down a few inches to ground level (which is a shell-filled parking lot), and is obviously intended to provide a step up from the parking lot to the threshhold of the building's front door. It appears to be made out of concrete and an asphalt type substance. There is no evidence as to when the landing was built or by whom, it is undisputed that it was in place when Lester Fremin first leased the building to Lubby Freeman in 1977.
The building in question is owned by defendant Lester Fremin, and has been continuously leased by defendant Lubby Freeman since 1977. Shortly after leasing the building, Freeman incorporated a business known as L & J's Brown Derby Inc. to operate the bar and lounge. Freeman, as L & J's Brown Derby, Inc., has operated a bar at this location since 1977.

ASSIGNMENTS OF ERROR
Plaintiffs contend that the trial court erred in holding that:
1. the landing did not pose an unreasonable risk of harm and that it did not constitute a premise defect;
2. the landing was not unreasonably maintained; and
3. the landing was not a cause in fact of or a substantial factor in Mrs. Crochet's accident.
Because of the nature of these assignments of error, we will discuss them as if they were one.
In its reasons for judgment, the trial court found as fact that Fremin owned the building, Freeman leased it, and that L & J's Brown Derby, Inc. was a custodian of the premises at the time of the accident, as well as that all defendants knew directly or constructively of the existence of the landing. The court went on to state that the focus of its inquiry was therefore, under principles of strict liability, whether the landing created an unreasonable risk of harm which was a substantial cause in fact of Odile's fall and resultant injuries. The court further stated that the inquiry would be essentially the same under the theory of negligence with the added consideration of whether Freeman and L & J's Brown Derby, Inc. maintained the landing in a reasonably safe manner. The court found that the landing itself posed a minimal risk of harm and that the piece of shell or gravel, not the landing, caused the accident and thus defendants were not liable. We agree.
This court, in Collins v. Christophe, 479 So.2d 537 (La.App. 1st Cir.1985), writ denied, 483 So.2d 1021 (La.1986), discussed the distinction between a defect in the premises and a dangerous condition on the premises:
The duty of the owner or custodian of immovable property for a defect in his premises is set forth in Farr v. Montgomery Ward and Company, Inc., 430 So.2d 1141, 1143 (La.App. 1st Cir.1983), *1066 writ denied, 435 So.2d 429 (La.1983) as follows:
The owner, or person having custody, of immovable property has a duty to keep such property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence.... This duty is the same under the strict liability theory of La.C.C. art. 2317 as under the negligent liability theory of La.C.C. art. 2315.... The difference in proof between these theories of liability is that under La.C.C. art. 2315, it must be shown that the owner, or person in custody, either knew or should have known of the risk, whereas under La. C.C. art. 2317, a claimant is relieved of proving the defendant's scienter.... Under either theory of liability, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the "custody" of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises (breach of the duty); and (3) that the defect in the property was a cause in fact of the resulting injury. In both negligent and strict liability cases, the reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing.... Under either theory of liability, the court must decide if the risk which causes the injury is within the ambit of protection of the duty. [Citations omitted].
There is a distinction between a defect in the premises and a dangerous condition on the premises. Thus, a foreign object (such as a stone, lump of clay or slice of lemon) on the premises does not constitute a defect in the premises, although it may constitute an unreasonably dangerous condition on the premises. Campbell v. Tidwell, 407 So.2d 1359 (La.App. 3rd Cir.1981).
The duty of the owner or custodian of immovable property for conditions creating unreasonable risks of harm on the premises is set forth in Lear v. United States Fire Insurance Company, 392 So.2d 786, 789 (La.App. 3rd Cir.1980) as follows:
This Court, in Levert v. Travelers Indemnity Company, 140 So.2d 811 (La. App. 3 Cir.1962), stated the duty of a homeowner to an invitee, which we analogize to the plaintiff in this case, on page 813:
"The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invitee of the danger.
"On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it."

See also Sumner v. Foremost Insurance Company, 417 So.2d 1327 (La.App. 3rd Cir.1982). Thus, negligent and strict liability are applicable when there is a defect in the thing (premises), but only negligent liability is applicable when there is a dangerous condition on the premises.
Although there was evidence that the landing was uneven and irregularly constructed, Mrs. Crochet did not slip on the landing itselfrather she slipped on a foreign object on the landing. The fact that over all the years that the building was used as a bar and the landing was in *1067 place there has not been any similar accidents supports the trial court's finding that the landing did not pose an unreasonable risk of harm. Evidence of the absence of other accidents at the same place is relevant and admissible as tending to show that the place was not dangerous and that defendant(s) did not have actual or constructive knowledge of a dangerous condition. Ketcher v. Illinois Central Gulf Railroad Company, 440 So.2d 805 (La. App. 1st Cir.1983), writ denied, 444 So.2d 1220, 1222 (La.1984).
The evidence shows that the landing was cleaned and cleared during the morning of each working day and the trial court found this to be reasonable maintenance. We agree. The landing is adjacent to a shell parking lot. It is to be expected that patrons will track pieces of shell onto the landing and that the movement of cars will occasionally throw shell fragments onto it. Thus the piece of shell on which Mrs. Crochet allegedly fell is not a "foreign object" to the landing considering its proximity to the parking lot. Short of inspecting and sweeping the landing after each patron entered the building and each car exited the parking lot, it would be nearly impossible to maintain it utterly free of shell or gravel from the parking lot.
Mrs. Crochet testified that the doorway was poorly lit and that the landing was of an irregular surface. She did not, however, even attempt to prove that these conditions caused her accident; instead she maintains that she slipped on a piece of shell or gravel. Thus her injuries were not caused by a defect in the premises but by a condition on the premises. We cannot say that a piece of shell or gravel present on the landing in the given circumstances creates an unreasonably dangerous condition on the premises. The accident occurred outside of the building adjacent to a gravel and shell parking lot in an area where it should be obvious to the reasonably prudent observer that shells and gravel are very likely to be present.
Plaintiffs failed to prove that either a defect in the premises or defendants' negligence caused the accident.

DECREE
For the foregoing reasons the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] James Craven was incorrectly referred to in the petition as James Craver.