503 So.2d 724 (1987)
Lubertha HINES, Plaintiff-Appellant,
v.
DEPT. OF TRANSPORTATION & DEVELOPMENT, Defendant-Appellee.
No. 86-342.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
Writ Denied May 8, 1987.
*725 Broussard, Bolton and Halcomb, Roy S. Halcomb, Jr., Alexandria, for plaintiff-appellant.
Jerry L. Finley, Baton Rouge, for defendant-appellee.
Before DOUCET and YELVERTON, JJ., and CULPEPPER[*], J. Pro Tem.
DOUCET, Judge.
Plaintiff, Lubertha Hines, filed suit for damages incurred as a result of injuries sustained when she tripped and fell on a highway. From a judgment rendered in favor of defendant, State of Louisiana, Department of Transportation and Development, plaintiff appeals.
Louisiana Avenue, which runs in an east-west direction, is the main street of Ferriday, Louisiana. The street is also Louisiana State Highway 568, which is admittedly owned and maintained by the defendant. At the location of the accident, Louisiana Avenue is a wide concrete paved roadway with diagonal parking spaces on each side.
On October 9, 1978, plaintiff, who was then approximately 63 years of age, parked her automobile in one of the parking slots on the south side of the street near the middle of the block. She intended to take some clothing to the cleaners located on the opposite side of the street.
Plaintiff stepped out of her automobile with her arms full of laundry and proceeded towards the rear of the car. Near the rear of her automobile, there was a seam in the concrete surface of the street where the roadway abuts the parking area. The surface of the parking area had subsided, leaving a raised protrusion. According to witnesses, the protrusion was 18 to 24 inches long and its estimated height or depth varied from two to six inches. Plaintiff testified that she was watching for traffic as she proceeded to cross the street. Immediately after passing the rear of her automobile, she tripped over the raised protrusion and fell, injuring her right knee and elbow.
Plaintiff filed suit seeking recovery for damages under a theory of strict liability and alternatively under a theory of negligence.
LSA-C.C. art. 2315 is the basis of negligence law in Louisiana and states in pertinent part:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
Strict liability for things in one's custody is found in LSA-C.C. art. 2317:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."
Under both theories of recovery, a plaintiff must prove that the thing presented an unreasonable risk of harm. Kent v. Gulf States Utilities Company, 418 So.2d 493 (La.1982). The trial judge found that the condition of the street was the cause-in-fact of plaintiff's injuries. However, the court also found that the condition did not present an unreasonable risk of harm and therefore, the State could not be held strictly liable. The court further found that the State did not have knowledge, actual or constructive, of the condition of the street thus precluding a finding of negligence.
On appeal, plaintiff cites no specific assignment of error. We find the dispositive issue on appeal is whether the condition of the state-owned and maintained *726 highway created an unreasonable risk of harm. We affirm the finding of the trial court on this issue and adopt the following portion of the trial judge's well-reasoned analysis and resolution of this issue.
"The facts of this case are relatively undisputed and the law applicable is fully set forth in the case of Varnado v. Sanders, 477 So.2d 1205, (La.App. 1st Cir.1985). The opinion in Varnado sets out in detail the procedure for determining non-negligent liability and has detailed citations of authority. Of particular application here is that Court's recognition of the principle that there must exist some flaw or defect in the thing which poses an unreasonable risk of harm. In this case, the Plaintiff proved that there was some defect or imperfection in the street which was under the joint control of the Defendant and the Town of Ferriday. No pictures or precise description of the street and the imperfection were submitted, and the Court must rely upon verbal descriptions of the witnesses. She also proved that her injuries were caused when she stumbled and fell over this defect which was entirely passive. Thus it can be said that the Plaintiff proved that her injuries were caused by a combination of her actions and the defect in the street.
"Accordingly, the issue in this case may be phrased as whether, under the particular facts and circumstances existing here, the defect or imperfection in the street created an unreasonable risk of harm to others.
"When the Louisiana Supreme Court created the doctrine of strict liability in Loescher v. Parr, 324 So.2d 441, (La.1975), it repeated several times that the defect in the thing must create an unreasonable risk of injury. Throughout all the later cases amplifying this doctrine, the Courts have continued to use the term unreasonable risk and in Varnado, Supra, the Court stated:
"Not every defect can serve as a basis for a claim; the defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances". Campbell v. Tidwell, 407 So.2d 1359 (La.App. 3rd Cir.1981). (Emphasis supplied.)
"In order to determine what is reasonable or unreasonable, the Louisiana Supreme Court in Entrevia v. Hood, 422 [427] So.2d 1126 [1146] (La.1983) outlined the procedure for making the determination. I have attempted in this case to follow those instructions.
"In Entrevia, Supra, the Supreme Court instructed the lower Court not to consider the unreasonable risk of harm criteria as a simple rule of law to be applied mechanically, but instructed the Courts to consider ideals of justice and social utility, acting somewhat as a legislator and also stated:
"As this Court has noted in relation to other forms of strict liability under the Civil Code, the activities of man for which he may be liable without acting negligently are to be determined after a study of the law and customs, a balancing of claims and interests, a weighing of the risk and the gravity of harm, and a consideration of individual and societal rights and obligations".
"The Defendant in this case is a public body responsible for maintaining thousands of miles of public highways and roads which have great social utility and are absolutely indispensable to the best interests of the public at large. It is impossible for these roads and highways to be maintained in perfect condition, and the fact that there are potholes and defects in roadways are matters widely known to the public. Defects or imperfections in highways such as those in the subject case are entirely passive and cannot cause harm to others by and of themselves. Furthermore, in this case, the defect in the highway was such that it posed no danger or risk of harm to vehicular traffic, the purpose for which the roadway was designed. These facts, considered in light of the Entrevia instructions, contrast sharply with those of Varnado, Supra, where consideration of the Entrevia criteria required a different result.
*727 "Plaintiff did produce evidence that intermittent jay-walking was a fairly common practice in the Town of Ferriday, but there is nothing in this record to indicate that the Defendant was aware of this or that the Town of Ferriday had ever advised the Defendant that it did not intend to enforce its jay-walking ordinance upon which Defendant was otherwise entitled to rely. Of course, that part of any roadway which was designated for pedestrian traffic would be subject to different scrutiny, with possible different results, but that is not the case here. What we have here is a relatively minor defect in the thing which posed no risk of harm to those using the thing for the purpose for which it was designed, nor did it pose any risk of harm to those using it in the manner which this Plaintiff used it, when such use was prudent. As previously stated, the thing here was passive, not even possessing the capability of action of the twisted barbed wire in Varnado, Supra.
"In other words, the pedestrian using this portion of the street, or any other highway in the State of Louisiana not designated for pedestrian traffic, should be observant of the surface conditions upon which they are walking. There is no evidence in this case that the defect constituted a hidden trap or that it could not have been seen by Plaintiff had she been using ordinary care in observing where she was walking. Plaintiff testified that she was not watching where she walked, but was looking for oncoming traffic. In Campbell v. Tidwell, 407 So.2d 1359, (La.App. 3rd Cir.1981), the Court stated:
"Plaintiff was a pedestrian and as such is held to have seen that which she should have seen. A pedestrian is not required to look for hidden dangers but she is bound to observe her course and to see if her pathway is clear. A pedestrian is held to have seen those obstructions in her pathway which would be discovered by a reasonably prudent person exercising ordinary care under the circumstances. Boutte v. Pennsylvania Millers Mutual Insurance Company, 386 So.2d 211 (La.App. 3rd Cir.1980), writ denied 396 So.2d 917 (La.1981)".

* * * * * *
"It is my opinion that to require the Defendant, Department of Highways, to be responsible for non-negligent injuries under the totality of the circumstances in this case would be the same as requiring absolute and total liability, and would make the Department a guarantor of the safety of all individuals who might, for whatever reason, suffer a fall and injury on the surface or adjacent right-of-way of any of its streets or highways. The lawmakers have not seen fit to impose this type of liability and it would be improper for this Court to do so by broadening and extending the doctrine of non-negligent liability. This case should reach the same conclusion as that in Shipp v. City of Alexandria, 395 So.2d 727, (La.1981)."[1]
We find no error of law in the trial judge's analysis of the issue of unreasonableness. The determination made by the trial judge that the raised protrusion did not present an unreasonable risk of harm is essentially a factual one. Such finding was not manifestly erroneous and we are therefore unable to disturb it. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
In his supplemental brief plaintiff cites Clairmont v. City of New Orleans, 492 So.2d 1247 (La.App. 4th Cir.1986), writ denied 496 So.2d 1048 (La.1986) in support of his argument. In Clairmont the vehicle was parked on Royal Street in downtown New Orleans. Plaintiff exited from the right front passenger side and opened the right rear door and took out a package. As she turned, she tripped upon a pothole and fell, causing injuries to her left ankle. The pothole measured 12 inches in diameter and six inches in depth. The appellate court, finding that Royal Street was a *728 well trafficked downtown street, determined that a "pothole of this size posed a trap to an unsuspecting person hurriedly exiting from an automobile," since it was neither foreseeable nor anticipated that a pedestrian would encounter such a depression.
We factually distinguish Clairmont. In our case, the alleged defect is an irregularity in the surface of the parking area, not a pothole in a busy downtown street. It is common for the surface of streets to be irregular with abutting surfaces such as parking areas, sidewalks, and shoulders. These irregularities are foreseeable and should be anticipated by pedestrians attempting to cross streets. Since these irregularities are foreseeable and should be anticipated by pedestrians, the trial court was correct in finding the plaintiff had a duty to observe that which should be seen in his pathway. In the present case, the testimony of two witnesses to the accident clearly revealed that the raised portion of concrete was clearly visible to an attentive pedestrian and not a hidden or unforseeable trap. Under these facts, the surface irregularity did not present an unreasonable risk of harm.
A finding that the condition of the street did not present an unreasonable risk of harm precludes a finding of liability under either a theory of strict liability or of negligence. Kent, supra. Therefore, we need not address in detail, the issue of negligence.

DECREE
For the reasons assigned, we affirm the judgment of the trial court. Costs of this appeal are assessed against the plaintiff-appellants.
AFFIRMED.
NOTES
[*] Judge WILLIAM A. CULPEPPER, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] In the above quoted portion of the district court's opinion, the internal quotation from the case of Campbell v. Tidwell, 407 So.2d 1359 (La.App. 3rd Cir.1981) omits a part of the list of cited authorities. The full list reads Boutte v. Pennsylvania Millers Mutual Insurance Company, 386 So.2d 700 (La.App. 3rd Cir.1980); Artigue v. South Central Bell Telephone Company, 390 So.2d 211 (La.App. 3rd Cir.1980), writ denied, 396 So.2d 917 (La.1981).