517 So.2d 882 (1987)
Jerome HAAS, Plaintiff-Appellant,
v.
EDDIE RAY'S INC., et al., Defendants-Appellees.
No. 86/841.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
McHale, Bufkin & Dees, Louis D. Bufkin, Lake Charles, for plaintiff-appellant.
Book & Beverung, M. Steven Beverung, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
GUIDRY, Judge.
Plaintiff, Jerome Charles Haas, III, appeals a judgment of the district court dismissing his suit for personal injury damages allegedly sustained when he fell over a partition or planter-divider in Eddie Ray's, a lounge in Lake Charles. We affirm.
On the evening of March 13, 1984, plaintiff-appellant celebrated his 26th birthday. On this occasion, he and a number of friends went to Eddie's Ray's, a night club in Lake Charles. The party arrived at approximately 8:30 p.m. According to Haas, during the next hour to hour and one-half, he consumed three beers and one or two glasses of champagne. Sometime around 9:45 p.m. one of the young ladies in the party asked Jerome to dance. The lady and Haas left their table and stopped adjacent to an area containing several large potted plants. The area behind the plants was next to the stairway leading to the balcony and below the balcony. It had been cordoned off by a planter-divider in order to prevent patrons from entering the area behind the divider, a cul-de-sac into which other patrons using the stairs and balcony had a propensity for spilling drinks. Prior to the cordoning off of this area, the spillage of drinks on patrons standing below had caused several disturbances. The area was now enclosed by a short wall or barrier (planter-divider) 18-20 inches high within which were several three to four foot tall potted plants and two fifty watt light bulbs for illumination. The lights were located just behind the barrier and one-third of the distance from each end. (See diagramAppendix A).
Haas and his dance partner were standing next to this barrier waiting for the dance floor to clear when the accident occurred.
The learned trial judge, in dismissing plaintiff's suit, stated in his reasons for judgment:
"... According to plaintiff he was standing with his back to the partition when a passerby brushed against him causing him to fall back-wards. The area around the partition was in subdued light, however *883 all witnesses, including plaintiff, indicated that the partition was clearly visible.
....
The partition was about two feet tall, behind which several plants over four feet high were placed. At the point where plaintiff fell, the partition was only forty inches from the main wall. The enclosed area was illuminated by two fifty watt lamps placed on the floor behind the partition and shining up through the plants. Although the overall lighting was subdued, all witnesses testified that the partition was clearly visible. Plaintiff admitted that he saw the partition and was aware of its presence prior to falling.
References were made at trial to some unknown code or ordinance requiring handrails to be forty-two inches in height however such a requirement was not proven. In any event, the partition was not intended to be a handrail.
Under the facts of this case the court finds no liability of [sic] the part of the defendants. This suit is dismissed at plaintiff's cost."
On appeal, plaintiff argues only that the trial judge was clearly wrong in concluding that the plaintiff was not the victim of a "premises hazard", for which the defendant should be held strictly liable.
The term "premise hazard" was discussed by a panel of this court in the case of Jackson v. Fireman's Fund Insurance Company, 436 So.2d 698 (La.App. 3rd Cir. 1983), writ denied, 441 So.2d 217 (La.1983), wherein the court stated:
"A "premise hazard" has been defined by the Louisiana Supreme Court to be a condition of the premises or of the store operation that results in an unreasonable risk of harm to customers under the circumstances. Johnson v. Ins. Co. of North America, 360 So2d 818 (La.1978). It is only after facts sufficient to establish the existence of a premise hazard have been proven by the plaintiff that the burden, to exculpate himself from a presumption of negligence, shifts to the defendant-storekeeper. Kavlich v. Kramer, 315 So2d 282 (La.1975)."
Both the duty of the property owner and the burden of proof which must be carried by a plaintiff were explained by our brethren of the First Circuit in Farr v. Montgomery Ward and Company, Inc., 430 So.2d 1141 (La.App. 1st Cir.1983), writ denied, 435 So.2d 429 (La.1983), as follows:
"The owner, or person having custody, of immovable property has a duty to keep such property in a reasonable safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence.
. . . . . .
This duty is the same under the strict liability theory of La.C.C. art. 2317 as under the negligent liability theory of La.C.C. art. 2315.
. . . . . .
The difference in proof between these theories of liability is that under La.C.C. art. 2315, it must be shown that the owner, or person in custody, either knew or should have known of the risk, whereas under La.C.C. art. 2317, a claimant is relieved of proving the defendant's scienter.
. . . . .
Under either theory of liability, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the "custody" of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises (breach of the duty); and (3) that the defect in the property was a cause in fact of the resulting injury. In both negligent and strict liability cases, the reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing.
... Under either theory of liability, the court must decide if the risk which causes the injury is within the ambit of protection of the duty ..." (Citations omitted).
*884 We have considered the undisputed facts of this case, in light of the settled principles alluded to above, and find no error in the trial court's determination that the planter-divider, over which plaintiff fell, did not present an unreasonable risk of harm to prudent persons on the premises exercising reasonable care for their own safety. Plaintiff and his witness each admitted that although the lighting in the club was generally subdued, the planter-divider was clearly visible and both had seen it prior to Haas' fall. Further, the partition did not block off a passageway, but rather cordoned off a "dead area" in the club. As we stated in Campbell v. Tidwell, 407 So.2d 1359 (La.App. 3rd Cir.1981):
"... [N]ot every defect can serve as a basis for a claim. The defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." (citations omitted).
For these reasons, the judgment of the trial court is affirmed. Appellant is cast with all costs of this appeal.
AFFIRMED. *885