LABORDE, Judge.
Plaintiffs in this matter are Sharon Cor-mier Laviolette and her former husband, Harold Cormier. They filed suit in the Sixteenth Judicial District Court against the City of Breaux Bridge and the State of Louisiana, through the Department of Transportation and Development (DOTD) based upon Sharon’s trip and fall while crossing a street in Breaux Bridge. The City of Breaux Bridge was dismissed from the case through summary judgment. Plaintiffs asserted that DOTD was strictly liable under La.C.C. art. 2317.[1] The case against DOTD was tried before the district judge who found in favor of DOTD and dismissed plaintiffs suit. The plaintiffs now appeal the district court’s decision. We affirm.
FACTS
On the morning of March 16, 1979, Sharon Cormier Laviolette crossed Bridge Street (La. Highway 336-1) in Breaux Bridge to pick up some shoes from Bras-seaux’s Shoe Store. When she left the store, she stepped off of the sidewalk and walked between two parked cars on Bridge Street. She was not crossing in a pedestrian crosswalk. She was carrying her purse and a bag containing the shoes. As plaintiff attempted to cross the street she was checking to make sure that there was no oncoming traffic. She then tripped on a protrusion of about one inch in the street and fell suffering injuries to her arm, shoulder, and knees. She filed suit claiming general damages, medical expenses and lost wages. Sharon Cormier Laviolette was divorced from Harold Cormier in 1983. Harold claims that he should be able to recover for the medical expenses incurred by Sharon as they were paid with community funds. On appeal, plaintiffs assign two errors made by the trial court:
“Plaintiff-appellant contends that the Trial Court was incorrect in its ruling that after presentation of the evidence and examination of the jurisprudence, that plaintiff had failed to meet the burden of proof in this case and as such, the lawsuit was dismissed with prejudice at her costs.
Plaintiff-appellant contends that the Trial Court was in error in alleging that the elements for recovery under strict liability were not proven at trial.”
LAW
We focus our attention to our recent decision of Hines v. Dept. of Transp. & *766 Development, 503 So.2d 724 (La.App. 3d Cir.), writ denied, 505 So.2d 1151 (La.1987). The Hines setting was slightly northward in the City of Ferriday on Louisiana Avenue (La. Highway 568). That plaintiff was crossing the street to bring a bundle of laundry to the cleaners. As she crossed, she was not watching where she walked, rather she was looking for oncoming traffic. She then tripped and fell on a protrusion in the road estimated to be from two to six inches in height and injured her right knee and elbow. We held in Hines, as we do here, that DOTD was not liable to the plaintiff for her injuries under Art. 2317.[2] The key issue in this type of situation is whether, under the particular facts and circumstances of the case, the defect or imperfection in the street created an unreasonable risk of harm to others. Hines, supra at 726.[3] In Hines, we looked to the Louisiana Supreme Court’s decision in Entrevia v. Hood, 427 So.2d 1146 (La.1983) for guidance as to how to make a determination of whether or not there is an unreasonable risk of harm:
“ Tn Entrevia, Supra, the Supreme Court instructed the lower Court not to consider the unreasonable risk of harm criteria as a simple rule of law to be applied mechanically, but instructed the Courts to consider ideals of justice and social utility, acting somewhat as a legislator and also stated:
“As this Court has noted in relation to other forms of strict liability under the Civil Code, the activities of man for which he may be liable without acting negligently are to be determined after a study of the law and customs, a balancing of claims and interests, a weighing of the risk and the gravity of harm, and a consideration of individual and societal rights and obligations.”
‘The Defendant in this case is a public body responsible for maintaining thousands of miles of public highways and roads which have great social utility and are absolutely indispensable to the best interests of the public at large. It is impossible for these roads and highways to be maintained in perfect condition, and the fact that there are potholes and defects in roadways are matters widely known to the public. Defects or imperfections in highways such as those in the subject case are entirely passive and cannot cause harm to others by and of themselves. Furthermore, in this case, the defect in the highway was such that it posed no danger or risk of harm to vehicular traffic, the purpose for which the roadway was designed.’ ”
Hines, 503 So.2d at 726. We also found in Hines that there was only a minor defect in the road and that there was no risk of harm to those using it for the purpose for which it was designed (for use by automobiles). Further, it did not present any risk of harm to those using it as the plaintiff did, when they acted prudently. We stated that such a plaintiff must be observant when walking upon such a surface and we quoted from Campbell v. Tidwell, 407 So.2d 1359, 1362 (La.App. 3d Cir.1981), saying:
“ ‘Plaintiff was a pedestrian and as such is held to have seen that which she should have seen. A pedestrian is not required to look for hidden dangers but she is bound to observe her course and to see if her pathway is clear. A pedestrian is held to have seen those obstructions in her pathway which would be discovered by a reasonably prudent person exercising ordinary care under the circumstances.’ ”
Id. at 727.
Finally we held in Hines that the trial judge’s determination that the raised protrusion did not present an unreasonable risk of harm was a factual one and should not have been disturbed on appeal because *767 the finding is not manifestly erroneous. Hines, supra at 727.
Now in the present case, Hines moves south to Breaux Bridge. We see no significant distinctions between this situation and that which we faced in Hines. The trial judge in this matter found that plaintiffs did not meet their burden of proving by a preponderance of the evidence that the defective area occasioned an unreasonable risk of harm to Sharon Cormier Laviolette. See Shipp v. City of Alexandria, 395 So.2d at 729. In fact, plaintiffs’ expert, Robert Owens, testified that he did not feel that the defect in the street presented an unreasonable risk of harm to someone walking on it.
We, therefore, hold that plaintiffs did not meet their burden of proof and that the factual finding by the trial court that the raised protrusion did not present an unreasonable risk of harm was not manifestly erroneous and should not be disturbed by this court. For the above reasons, the trial court’s holding is affirmed with costs of this appeal taxed to plaintiffs-appellants.
AFFIRMED.

. La.C.C. art. 2317 states: (in pertinent part)
“We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.”

. In Hines, the plaintiff also sought to recover under La.C.C. art. 2315 claiming the State was negligent in maintaining a street with a defective condition.

. It is clear that the other elements needed for recovery under Article 2317 are met, namely that the property that caused the damage was in the care or custody of the defendant and that the injury was caused by a defect in the property. See Shipp v. City of Alexandria, 395 So.2d 727, 728 (La.1981).