DUFRESNE, Judge.
The only issue in this case is whether an owner-lessor of immovable property is liable to a lessee’s invitee, who is injured through the negligence of an independent contractor working on the premises. Faye Han, plaintiff-appellant, alleges that she was injured when she tripped on some hot tar spilled by a roofer in the courtyard of an apartment building owned by Vintage Investments, defendant-appellee. A jury found no liability on the part of Vintage, and for the following reasons, we affirm that verdict.
Faye Han testified that on a November afternoon she went, for the first time, to the Harper’s Ferry Apartments to pick up her sons who were visiting a family friend. She was carrying a bag of groceries under each arm when she entered the courtyard of the complex and began looking for her friend’s apartment number. She proceeded along the aggregate surfaced sidewalk and crossed a small bridge over a decorative stream. About four feet past the bridge she encountered some tar on the sidewalk. She stated that when she stepped into the tar it was still soft and it adhered to the sole of her right high-heel shoe, throwing her off balance and causing her to fall.
It was later determined that the tar had been spilled by an employee of Charley’s Roofing and Sheetmetal, an independent contractor hired by Vintage to do roof repairs. The particulars of this incident were that the employee was carrying a five gallon bucket of melted tar through the courtyard and dropped it when startled by a dog. Although the bucket did not capsize, some of the melted tar sloshed out onto the walkway. It appears that the workman picked up the bucket and continued on his way without placing any barricades or warning signs around the spill, or bringing it to the attention of either his supervisors or anyone at the apartment manager’s office.
*391 An expert for the defense conducted experiments by pouring the same type of melted tar on aggregate finish cement pav-ers. The videotaped results of these tests showed that after about three minutes on the pavers the tar hardened sufficiently to prevent it from sticking either to the soles or the heels of high-heeled shoes worn by a woman of plaintiffs size and weight as she walked across the tar-soaked pavers. This expert thus concluded that if the accident occurred as related by the plaintiff, then it had to have taken place within three minutes of the spill. Plaintiff does not contest this conclusion.
At trial, the main defense to the suit was that Charley’s Roofing and Sheetmetal was an independent contractor, and therefore that Vintage, the property owner and lessor, was not liable’ for the negligence of this independent entity. It also attempted to show, of course, that the accident was not caused by the tar, and alternatively that plaintiff was primarily at fault in failing to see what she should have seen. The plaintiff, for her part, urged that Vintage was in fact liable for the negligence of Charley’s based on theories of 1) simple negligence, 2) strict liability, 3) lessor-lessee obligations, and/or 4) master-servant or agency principles.
After presentation of the evidence, the judge instructed the jury as to the duties of care owed under the ordinary negligence theory by an owner-lessor to third parties on the premises, as well as the elements of the independent contractor defense. He declined to give a strict liability or. a lessor-lessee relationship instruction. During deliberations, the jury requested that the instructions on independent contractors and owner-lessor duties be re-read, and this was done. Several minutes later the jury returned a verdict exonerating Vintage from any liability. Because Vintage was the only defendant at trial, the jury interrogatory form began with the question of its liability. It further instructed the jury to go no further if it found in favor of Vintage in question one, and the jury complied. It cannot, therefore, be determined from the record if the jury ever reached the issues of whether the tar indeed caused the accident, and if so the percentage of plaintiff’s fault in not watching where she was walking.
Plaintiff now urges one assignment of error in this court, as follows:
The trial judge committed a' manifest error of law by failing to charge the jury as to the in solido relationship between a landowner and/or lessor and an independent contractor.
She again advances several theories as to why Vintage should be held solidarily liable for the alleged negligence of Charley’s employee, but we are not persuaded by any of them.
We first note that even accepting plaintiff’s description of the accident as true, these facts establish nothing more than a potential routine La.Civ.Code, art. 2315, negligence case against Charley’s, a non-party. The evidence was conclusive that the hazardous condition of melted tar on the walkway was brought about by the worker dropping the bucket, and lasted only for some three minutes, after which time it was safe to walk on it. It was also shown that during the three minutes, no Vintage employee was notified of the problem. In these circumstances, there was no manifest error in the jury apparently determining that Vintage breached no duty owing to plaintiff, a third-party, non-lessee, St. Pierre v. Lombard, 512 So.2d 1206 (La.App. 5th Cir.1987). In a related argument, plaintiff asserts that La.Civ.Code, arts. 2317 and 2322, regarding strict liability, are also applicable here. Again, we disagree. While the hot tar might well have constituted a hazardous condition during the three minute period, it cannot reasonably be said that it constituted a defect “in the premises”. At worst, it was only a defect “on the premises”, thus limiting the analysis here to principles of negligence, rather than those strict liability, Crochet v. Freeman, 504 So.2d 1064 (La.App. 1st Cir.1987).
Yet another theory advanced by plaintiff is that La.Civ.Code, art. 2695, governing the duties of a lessor to provide premises free of defects to his lessee, should be applied here in regard to plain *392 tiff, an invitee of the lessee. This argument has repeatedly been considered, and uniformly rejected on the grounds that application of Article 2695 is restricted to the lessor-lessee relationship and does not apply to third parties, see Gallagher v. Favrot, 499 So.2d 1205 (La.App. 5th Cir.1986) (and cases cited therein); St. Pierre v. Lombard, supra.
Plaintiff finally urges, as best we can understand, that Vintage should be liable here, even though Charley’s was apparently found by the jury to be an independent contractor. Generally, landowners are not responsible for the negligence of such independent entities, Villaronga v. Gelpi, 536 So.2d 1307 (La.App. 5th Cir.1988). What plaintiff argues, in effect, is that there is a “roofer’s exception” to the independent contractor rule, and therefore that the trial judge erred in not so instructing the jury. We have carefully read all of the cases cited by plaintiff in support of this asserted exception, but cannot find any such rule of law. Rather, those cases, except for one, involved application of the codal articles dealing with the obligations between lessors and lessees, none of which are applicable here. The one cited case not clearly involving the above obligations, Locascio v. Lake Terrace Center, Inc., 293 So.2d 510 (La.App. 4th Cir.1974) is nonetheless of dubious precedential value as to any “roofer’s exception” to the independent contractor rule because the pertinent facts of the matter are not clearly set forth. However, to the extent that that case may be interpreted as establishing some exception to the independent contractor rule with respect to property owners vis-a-vis third party invitees, we decline to follow it.
As the above discussion shows, the trial judge did not err in declining to instruct the jury either 1) as to strict liability of the landowner because the alleged facts, all taken as true, would not have sustained such a result, and 2) as to any solidary obligation between the land owner and the allegedly negligent independent contractor on the basis of a “roofer’s exception” to the independent contractor rule, because there is no such exception. The verdict of the jury exonerating Vintage Investments from liability in this matter is therefore affirmed.
AFFIRMED.