I iDOUCET, Judge,
dissenting.
I respectfully dissent from the majority opinion herein.
As explained by the majority’s quotation from Boudreaux v. Farmer, 604 So.2d 641, 650-651 (La.App. 1 Cir.), writ denied, 605 So.2d 1373, 1374 (La.1992), DOTD has a duty to maintain public highways for the use of motorists. The duty owed by the DOTD to pedestrians using highways is about the same as that owed to motorists using sidewalks.
*313 Mrs. Bessard had a safe sidewalk for her use. She did not have to take a shortcut across grass to a curb some distance away from her ear. That curb at that place was not there for her use as a pedestrian, but rather, was there to facilitate drainage and motoring use of the roadway. The DOTD should not be burdened with the staggering duty of being responsible to pedestrians for every inch of curbing dn every highway in the state where a pedestrian might choose to walk.
Further, the record shows that the curb did not present an unreasonable risk of harm.
_[2_The court in Orleans Parish School Bd. v. New Orleans, 585 So.2d 643, 646-647 (La. App. 4 Cir.), writ denied, 589 So.2d 1069 (La.1991), reasoned as follows when presented with the question of whether a risk was unreasonable where a pedestrian slipped and fell on a crack in the street.
Every imperfection or crack in a street is not a legal defect. The claimant must prove that under the circumstances there was an unreasonable risk of harm which resulted in the damage. Kent v. Gulf States Utilities Company, 418 So.2d [493] at 493 [ (La.1982) ]; Marziale v. Maney, 529 So.2d [504] at 504 [(La.App. 4 Cir. 1988) ].
[[Image here]]
The fact that a pedestrian falls in the street does not mean that the street’s condition amounts to an unreasonably dangerous defect. Shipp v. City of Alexandria, 395 So.2d 727 (La.1981). In order to qualify as a defect, the imperfection or crack in the street must constitute a dangerous condition or pose an unreasonable risk of injury to a prudent person who exercises ordinary care under the circumstances. A pedestrian has a duty to see that which should be seen in order to determine whether his path is clear. Williams v. Orleans Parish School Board, 541 So.2d 228 (La.App. 4th Cir.1989); Hines v. Department of Transportation and Development, 503 So.2d 724 (La.App. 3rd Cir.1987), writ denied 505 So.2d 1151 (La.1987); Vamado v. Sanders, 477 So.2d 1205 (La.App. 1st Cir.1985), writs denied 481 So.2d 630 (La.1986). See also Montgomery v. City of New Orleans, 537 So.2d 1230 (La.App. 4th Cir.1989).
The location of the street, the victim’s familiarity with the area, the size and nature of the hole or imperfection, and the victim’s use of ordinary care must be considered. See Clairmont v. City of New Orleans, 492 So.2d 1247 (La.App. 4th Cir. 1986), writ denied 496 So.2d 1048 (La. 1986); Carrv. City of Covington, 477 So.2d 1202 (La.App. 1st Cir.1985), writ denied 481 So.2d 631 (La.1986). Each case is determined by its own circumstances.
Certain facts adduced at trial were not given sufficient weight by the majority.
Appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the trial court’s findings, but mandates reviewing the entire record with an eye to determining whether the finding is reasonable in the context of all the facts. Arceneaux v. Domingue, [365 So.2d 1330 (La. 1978) ] supra; Watson v. State Farm Fire & Cas. Co., 469 So.2d 967 (La.1985).
White v. McCoy, 552 So.2d 649, 655 (La.App. 2 Cir.1989).
I aViewing the record as a whole it is clear that Mrs. Bessard’s fall resulted from her own carelessness.
Mrs. Bessard’s testimony indicated that she was very familiar with the area. She lived in the neighborhood and had been a member of St. Theresa Parish for eight years. She walked to church several times a week. Additionally, she was driven there by her daughter several times a year and would walk from the ear.
The majority opinion would lead one to believe that Mrs. Bessard had no safe route to get to the street. To the contrary, the photograph introduced into evidence clearly shows the existence of a sidewalk which takes one safely to the street. After Church services, Mrs. Bessard ignored that sidewalk which would have taken her safely to a point where she could have crossed the street. She left the sidewalk and crossed a grassy area to get to the curb. She admitted she *314 would have seen the crack had she been looking where she was going rather than looking at traffic. Ada Johnson, who was walking with Mrs. Bessard, stated that the cracks in the curb were visible from a distance of three feet. Raywood Vincent, a DOTD employee, stated that the curb showed only a minor imperfection.
The record reflects that the curb was not designed for pedestrian use. Mr. LeBlane, the DOTD engineer, stated that the curb was designed for drainage and vehicular traffic.
As a result, the plaintiff failed to show causation, the breach of an existing duty or that the curb posed an unreasonable risk of harm to her.
The State has thousands of miles of roadways which have great utility value and are vital to the public. The cost to repair every pothole or minor crack would be outrageously high. The probability and gravity of harm posed by the alleged defect in this matter is insignificant.
Orleans Parish School Board, supra, 585 So.2d at 647.
Accordingly, I would reverse the trial court’s judgment finding the DOTD liable in this matter.